STATE, Plaintiff in error, v. RAMIREZ, Defendant in error.

*No. 77–232–CR.   Argued April 3, 1978.—Decided May 2, 1978.*
(Also reported in 265 N. W. 2d 274.)

For the plaintiff in error the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant in error the cause was argued by *Michael Yovovich,* assistant state public defender, with whom on the brief was *Howard B. Eisenberg,* state public defender.

BEILFUSS, C. J.   The question before us is whether a prosecution based upon a state statute should be barred as a violation of constitutional double jeopardy provisions because of a plea of guilty to violations of a municipal ordinance, both prosecutions arising from the same transaction.

On March 28, 1977, a criminal complaint was filed. It alleged that Teresa A. Ramirez had entered McCullough's Drug Store in Lake Geneva on March 26, 1977, and was observed placing something in one of two handbags. An employee noticed that several figurines were missing from a display case. She left the store and was followed by an employee. When she noticed her pursuer she threw one of the handbags and ran. She was captured and held for the police. Several of the figurines in the thrown handbag were damaged. Several other figurines were found in the other handbag.

At the hearing held April 13, 1977, Ramirez was found indigent and counsel was appointed. An information was filed, after a preliminary hearing, charging Ramirez with

shoplifting in violation of sec. 943.50 (1) and (4) (b), Stats., on May 24, 1977. On June 13, 1977, Ramirez filed a motion to dismiss the information alleging that it placed her in double jeopardy contrary to the Wisconsin and United States Constitutions. An affidavit accompanying the motion averred that Ramirez had also been charged with two violations of the City of Lake Geneva Ordinances 41.015 and 41.29—criminal damage to property and resisting or obstructing an officer. The affidavit stated that these charges arose out of the same incident at McCullough's Drug Store and that on April 7, 1977, Ramirez pleaded guilty to both counts. She was ordered to pay a forfeiture to the City of Lake Geneva and make restitution to McCullough's for the damage.

The trial court granted defendant's motion and dismissed the information.

The writ of error was issued on September 8, 1977.

The trial court, in granting the motion, relied heavily on *Waller v. Florida,* 397 U.S. 387 (1970). Reliance on *Waller* was proper and necessary to refute the argument that there could not be double jeopardy because one prosecution was dependent on a state statute and triable in a state court, whereas the other prosecution was based upon a municipal ordinance and triable in a municipal court. This theory was based upon the concept that the same act could not be an offense against two separate governments. *Waller,* quoting *Reynolds v. Sims,* 377 U.S. 533, 575 (1964), is contrary:

" 'Political subdivisions of States—counties, cities, or whatever—never were and never have been considered as sovereign entities. Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.' "

Here, too, Lake Geneva is not a separate sovereign; it is subordinate to the state and dependent upon the state

for its authority to enact ordinances and to create a municipal court. There is only one sovereign in the state and that is the state government. If the state grants to its subordinate municipalities the right to enact penal-type ordinances triable in a municipal court, it has the duty to correlate the prosecutions so as not to offend the constitutional double jeopardy provisions. In a nut shell, a prosecution for an offense based upon a state statute bars a prosecution for the same offense based upon the same identical acts in a municipal court on a municipal ordinance and vice versa.

*Waller,* however, was closely limited to its facts as revealed by the record. The opinion states:

"We decide only that the Florida courts were in error to the extent of holding that—
" 'even if a person has been tried in a municipal court for the *identical offense* with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.' " (Emphasis supplied.) *Waller v. Florida,* 387 U.S. at 395.

The ban on double jeopardy is found in the Fifth Amendment to the United States Constitution, and in art. I, sec. 8 of the Wisconsin Constitution.

"The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed.2d 656 (1969)." *Brown v. Ohio,* 429 U.S. 997, 97 S. Ct. 2221, 2225 (1977).

The generally accepted test for analyzing double jeopardy is known as the "same evidence test." First set forth in the English case of *The King v. Vandercomb,* 2 Leach 708, 720, 168 Eng. Rep. 455, 461 (Crown 1796), the "same evidence test" was recently restated by the

United States Supreme Court in *Brown v. Ohio, supra,* 97 S. Ct. at 2225:

"The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932):

" 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . .'

This test emphasizes the elements of the two crimes. 'If each requires proof that the other does not, the *Blockburger* test would be satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. . . .' *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S. Ct. 1284, 1294, 43 L. Ed.2d 616 (1975)."

The Wisconsin test, which requires that the offenses be the same in law and in fact, is a form of "the same evidence rule." *State v. Van Meter,* 72 Wis.2d 754, 757, 758, 242 N.W.2d 206 (1976) ; *State v. George,* 69 Wis.2d 92, 98, 230 N.W.2d 253 (1975). Sec. 939.71, Stats.,[1] codifies this rule.

The public defender, representing Teresa Ramirez, admits that the trial court did not apply the "same evidence test." The court relied on the "same transaction test." The defendant urges that this court should adopt "the same transaction test."

In *Ashe v. Swenson,* 397 U.S. 436, 448 (1970), Mr. Justice BRENNAN set forth his position in a concurring

---

[1] "939.71 *Limitation on the number of convictions.* If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require."

opinion. He criticizes "the same evidence test" because it

". . . does not enforce but virtually annuls the constitutional guarantee. For example, where a single criminal episode involves several victims, under the 'same evidence' test a separate prosecution may be brought as to each. . . . The 'same evidence' test permits multiple prosecutions where a single transaction is divisible into chronologically discrete crimes . . . . Even a single criminal act may lead to multiple prosecutions if it is viewed from the perspectives of different statutes . . . . Given the tendency of modern criminal legislation to divide the phases of a criminal transaction into numerous separate crimes, the opportunities for multiple prosecutions for an essentially unitary criminal episode are frightening. And given our tradition of virtually unreviewable prosecutorial discretion concerning the initiation and scope of a criminal prosecution, the potentialities for abuse inherent in the 'same evidence' test are simply intolerable." 397 U.S. at 451–52.

He advocates the acceptance of a "same transaction test:"

"In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction. This 'same transaction' test of 'same offense' not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience." 397 U.S. at 453–54.

Wisconsin has long applied the same evidence test as do the majority of jurisdictions in this country, including the United States Supreme Court as recently confirmed in *Brown v. Ohio, supra.* In view of our long recognition of

the "same evidence test," we do not deem it appropriate to now abandon it and adopt the "same transaction test." Because the statute[2] adopts the "same evidence test," any proposed change should be addressed to the legislature.

In applying the "same evidence test" to the facts of this case, we conclude the trial court erred in ruling the two prosecutions constituted double jeopardy.

None of the offenses charged here is an included offense of another and each of them requires proof of an additional fact. The "same evidence test" is not satisfied.

The municipal ordinances are as follows:

"41.015 *Damage to Property.* It shall be unlawful for any person to intentionally cause damage to any physical property of another without his consent." Lake Geneva Municipal Code, sec. 41.015 (1972).

"41.29 *Resisting or Obstructing an Officer.* (1) Whoever knowingly resists or obstructs an officer while such officer is doing any act in his official capacity and with lawful authority, shall suffer a forfeiture upon conviction of not more than Two Hundred and no/100 ($200.-00) Dollars and in the event of nonpayment thereof, shall be confined in the County Jail for not more than thirty (30) days.

"(2) In this section:

"(a) 'Officer' means a peace officer or other public officer or public employe having the authority by virtue of his office or employment to take another into custody.

"(b) 'Obstructs' includes without limitation knowingly giving false information to the officer with intent to mislead him in the performance of his duty including the service of any summons or civil process, and also the knowingly giving of a false identification to the officer to mislead him in the performance of his duty."

The state shoplifting statute is as follows:

"943.50 *Shoplifting.* (1) . . . who takes and carries away transfers, conceals or retains possession of merchandise held for resale by a merchant without his consent and with intent to deprive the merchant perma-

---

[2] Sec. 939.71, Stats., *supra.*

nently of possession, or the full purchase price, of such merchandise may be penalized as provided in sub. (4)."

We conclude the defendant would not be subjected to double jeopardy by virtue of prosecutions under both the state statute and municipal ordinance upon the facts as they appear in the record and that it was error to order that the information charging shoplifting be dismissed.

The public defender also urges we adopt the mandatory joinder rule by court rule so as to require all offenses arising out of the same incident be tried together. We cannot adopt a procedural rule by our case decision process. A procedural court rule can be adopted only upon notice and public hearing.[3]

We have commended the practice of trying all charges growing out of the same incident,[4] but declined to make such a rule mandatory and are not inclined to do so now.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[3] Sec. 251.18, Stats.

[4] *See State v. Elbaum,* 54 Wis.2d 213, 220, 194 N.W.2d 660 (1972).