LOCKLEAR, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–595–CR. Submitted on briefs November 29, 1978.—*
*Decided January 9, 1979.*
(Also reported in 273 N.W.2d 334.)

604

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Betty R. Brown*, assistant attorney general.

COFFEY, J.  Writ of error is brought to review an order of the circuit court for Waukesha county, Circuit Judge CLAIR VOSS presiding, affirming a March 10, 1976 judgment of the county court of Waukesha county, WILLIAM G. CALLOW, presiding.  The court, after accepting a plea of guilty, convicted the plaintiff in error, Michael Locklear, of three counts of issuing worth-

less checks in violation of sec. 943.24(1), Stats. Sentence was imposed, stayed and the defendant was placed on probation.

On April 21, 1975 a criminal complaint was filed in the Waukesha County county court charging the plaintiff in error (hereinafter defendant) with 11 counts of issuance of worthless checks in violation of sec. 943.24 (1), Stats. On October 16, 1975 defendant filed a motion with the court to dismiss the charges alleging that the charging statute denies the defendant the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. Subsequently, a hearing was held on defendant's motion. At this hearing the defendant testified that on March 18, 1975 he received a 5-day notice to pay the 11 worthless checks issued by him but was unable to do so. He was unable to do so because he was deeply in debt, unable to borrow money and at the time of receiving the notice he had less than $23.00 in his combined checking and savings accounts.

It was stipulated that the Waukesha county district attorney (hereinafter district attorney) does not charge a person with a violation of sec. 943.24 if the party satisfies the 5-day notice requirements of part (2)(b) or (c) of the statute as the crime requires proof of intent not to pay the check. If the defendant makes payment within the 5-day grace period, the *prima facie* requisite of intent to defraud is overcome. The defense counsel alleges a denial of the defendant's rights to equal protection of the law as he was indigent and unable to make restitution on the checks involved. The trial court denied the motion concluding that defendant's argument was "spurious" and that there had been no denial of equal protection.

Subsequently, the defendant entered a guilty plea to 3 counts of issuance of worthless checks in violation of

sec. 943.24 and counts 4–11 of the original criminal complaint were dismissed on motion of the prosecutor. Sentence was imposed on March 10, 1976, execution stayed and defendant was placed on probation.

On March 24, 1976 defense counsel filed a notice of appeal with the circuit court of Waukesha county. On June 1, 1976 the defendant moved the court for reversal of the county court judgment and dismissal of the complaint based upon the "constitutionality" of sec. 943.24, Stats. The defendant's brief argued (1) that sec. 943.24, Stats., violated art. I, sec. 16 of the Wisconsin Constitution which prohibits imprisonment for debt; (2) discriminatory application of sec. 943.24, Stats., in such a manner as to deprive defendant of equal protection of the laws; and (3) that sec. 943.24, Stats., violates due process.

In the decision accompanying the June 10, 1976 order, the circuit court judge denied the defendant's appeal and found the statute constitutional.

There are four issues presented:

1. Does the district attorney of Waukesha County abuse his discretion and violate the constitutional rights of poor defendants by following a policy whereby he will not charge a person with the issuance of worthless checks if that person makes payment on such checks within five days of demand?

2. Does either sec. 943.24, Stats., or the charging policy of the district attorney violate art. I, sec. 16 of the Wisconsin Constitution?

3. Has defendant's claim of error been waived because he, with the advice and assistance of counsel, voluntarily and understandingly entered pleas of guilty to the charges on which he was convicted?

4. Is defendant raising the issue of abuse of discretion for the first time on appeal so as to preclude its consideration at this level?

The issuance of a worthless check is classified as a misdemeanor under sec. 943.24(1), Stats. (1975).[1] An essential element of the offense requires that at the time of issuance the defendant must intend that the check not be paid. The legislature saw fit to include three circumstances which establish *prima facie* evidence of this intent. The statute reads as follows:

"943.24 **Issue of worthless check.** (1) Whoever issues any check or other order for the payment of money which, at the time of issuance, he intends shall not be paid is guilty of a misdemeanor and may be fined not more than $1,000 or imprisoned not more than one year or both.

"(2) Any of the following is prima facie evidence that the person at the time he issued the check or other order for the payment of money, intended it should not be paid:

"(a) Proof that, at the time of issuance, he did not have an account with the drawee; or

"(b) Proof that, at the time of issuance, he did not have sufficient funds or credit with the drawee and that he failed within 5 days after receiving notice of nonpayment or dishonor to pay the check or other order; or

"(c) Proof that, when presentment was made within a reasonable time, the issuer did not have sufficient funds or credit with the drawee and he failed within 5 days after receiving notice of nonpayment or dishonor to pay the check or other order.

"(3) This section does not apply to a postdated check or to a check given for a past consideration, except a pay roll check."

The defendant challenges whether there is a justifiable basis for the district attorney's policy of releasing from prosecution a person who makes restitution on a worth-

---

[1] Wis. Stats., 1975. Effective June 1, 1978 the statute was revised making the issuance of a check or other order for payment of money for less than $500 a Class A misdemeanor. The issuance of a check or several checks within a 15-day period aggregating $500 or more is now a Class E felony. Laws of 1977, Ch. 173, secs. 67–70.

less check within a 5-day notice period pursuant to sec. 943.24(1). Allegedly this discriminates against the poor. The state counters that if the check is paid within 5 days of demand, the *prima facie* evidence of intent not to pay under (2) of the statute is removed. Thus, any attempted prosecution for a violation of sec. 943.24(1) is without merit absent proof the check was issued with the necessary element of intent to defraud.

It is axiomatic that the constitution not only frowns upon discriminatory laws, but it also forbids the discriminatory enforcement of laws.[2] At the same time, it must be noted that a prosecutor is accorded a broad range of discretion in the enforcement of ordinances and statutes.

The leading Wisconsin case regarding the exercise of prosecutorial discretion is *State ex rel. Kurkierewicz v. Cannon*, 42 Wis.2d 368, 166 N.W.2d 255 (1969). In that case, the petitioner's son had been shot and killed while being interrogated in the St. Francis police station. Petitioner sought a writ of mandamus compelling the district attorney to order a coroner's inquest into the death of her son. Although the court concluded that sec. 966.01, Stats., statutorily restricted the district attorney's discretion in the ordering of an inquest due to death from suspicious circumstances, the decision is relevant to this case for its discussion of the wide scope of a prosecutor's discretion. Quoting from that decision:

"It is clear that in his functions as a prosecutor he has great discretion in determining *whether or not to prosecute*. There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a viola-

[2] "The Right to Nondiscriminatory Enforcement of State Penal Laws," 61 Columbia L. Rev. 1103 (1961).

tion of the law no matter how trivial." *Kurkierewicz, supra* at 378. (Emphasis supplied.)

This language makes it evident that the Waukesha district attorney is clothed with wide discretion when deciding whether or not to prosecute worthless check cases. However, such discretion must be exercised within reasonable bounds. If the defendant can establish a persistent and intentional discrimination in the enforcement of a statute in the absence of a valid exercise of prosecutorial discretion this may be interpreted as a violation of equal protection and a defense to the charge. *State v. Johnson,* 74 Wis.2d 169, 246 N.W.2d 503 (1976) ; *Thompson v. State,* 61 Wis.2d 325, 212 N.W.2d 109 (1973) ; *Harris v. State,* 78 Wis.2d 357, 254 N.W.2d 291 (1977).

The principles pronounced in *State ex rel. Kurkierewicz v. Cannon, supra,* were reaffirmed in the recent decision of *State v. Kenyon,* 85 Wis.2d 36, 270 N.W.2d 160 (1978) authored by Chief Justice BEILFUSS. In *Kenyon* it was stated:

"The district attorney in Wisconsin is a constitutional officer and is endowed with a discretion that approaches the quasi judicial. *State v. Peterson,* 195 Wis. 351, 359, 218 N.W. 367 (1928)." supra at 42.

While *State v. Kenyon* is factually distinguishable from this case and therefore not controlling in that regard, *Kenyon* does illustrate the principle that matters relating to the district attorney's exercise of his prosecutorial discretion are tempered by the balancing factor of public interest. As applied to the issues at bar, the public interest in efficient judicial management is of controlling importance when a party who has issued a worthless check

has made restitution and therefore no persons have been damaged by this conduct.

The defendant fails to meet the burden of proof required to establish a systematic and persistent discrimination against poor people. Indeed he has not established that the district attorney was aware of the financial status of the individuals to whom the 5-day notices were sent. Rather, it appears to be an antiseptic routine of sending the demand letter for payment within 5 days or ordering a complaint charging the individual for issuance of worthless checks. There is no distinction made between rich or poor. The only distinction is whether the check is paid or not. Nor is the 5-day period as set forth in the statute in any way discriminatory. The notice provision relating to *prima facie* evidence of intent not to pay makes no distinction between an individual defendant's ability or inability to pay.

*State v. Duffy,* 54 Wis.2d 61, 194 N.W.2d 624 (1972) held equal protection is denied only where an act of government results in an irrational or arbitrary classification and it was stated:

"The test is not whether some inequality results from the classification, *Lindsley v. Natural Carbonic Gas Co.* (1911), 220 U.S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369, but whether there exists any reasonable basis to justify the classification. *McGowan v. Maryland* (1961), 366 U.S. 420, 81 Sup. Ct. 1101, 6 L. Ed.2d 393." *Id.* at 65.

Were we to concede *in arguendo* that the charging policy operates in a discriminatory manner, the defendant still must prove that there is no rational basis for the application of the district attorney's policy regarding 943.24 prosecutions. If the policy is cloaked with a rational basis, it is not violative of equal protection.

In *State v. Johnson, supra,* the issue presented was whether the policy of charging prostitutes and failure to charge the male participants constituted discriminatory enforcement of the law. Remanding the case for an evidentiary hearing, the court opined that:

"There may be valid prosecutorial reasons for prosecuting a prostitute and not a patron under given circumstances. . . ." *Id.* at 174.[3]

The state submits that there is clear justification for the charging policy followed. DR7–103(A) of the Code of Professional Responsibility sets forth:

"A public prosecutor . . . shall not institute or cause to be instituted criminal charges when he knows or it is obvious that the charges are not supported by probable cause." 43 Wis.2d at lxii.

Criteria similar to DR7–103(A) is imposed on the district attorney by the ABA's *Standards Relating to the Prosecution Function and Defense Function,* Standard 3.9.

" (a) In addressing himself to the decision whether to charge, the prosecutor should first determine whether there is evidence which would support a conviction. . . .
" (e) The prosecutor should not bring charges or seek charges greater in number or degree that he can reasonably support with evidence at trial."

The state has convincingly shown that there is a rational justification for the charging policy under sec. 943.24(1). The charging statute, sec. 943.24, sets forth three circumstances required to establish the evidence of

---

[3] *See also:* "Procedure for Raising Defense of Discriminatory Prosecution" 4 A.L.R.3d 393; *U. S. v. Picciurro,* 408 F. Supp. 1055 (E.D. Wis. 1976); *Ryan v. State,* 79 Wis.2d 83, 255 N.W.2d 910 (1977).

intent not to pay. We agree with the state's position that if the check is paid within 5 days of demand, the *prima facie* evidence of intent not to pay under this statute is removed. As reflected in the Code of Professional Responsibility and the ABA's *Standards Relating to the Prosecution Function and Defense Function* where the prosecutor does not have sufficient proof on one or more elements of a crime it is improper for him to commence or continue the prosecution.

We hold that the charging policy of the Waukesha County district attorney is not discriminatory and is based on justifiable and reasonable considerations. Thus, those making restitution escape prosecution while those who do not make restitution are charged. No where in this record is it indicated that parties similarly situated are treated unequally whether they are rich or poor, upright citizens or previously convicted felons.

As to the second issue in this case, art. I, sec. 16 of the Wisconsin Constitution provides that "No person shall be imprisoned for debt arising out of or founded on a contract, express or implied." The defendant's argument with regard to the charging policy and based upon sec. 943.24(2) contends that this policy transforms the 5-day grace period into a debt for which one may not be imprisoned. He cites several cases in support of this position.[4] These cases discuss whether statutes allowing a convicted criminal to be imprisoned for failure to pay fines were violative of equal protection. These cases hold

---

[4] *State ex rel. Pederson v. Blessinger,* 56 Wis.2d 286, 201 N.W.2d 778 (1972); *Williams v. Illinois,* 399 U.S. 235, 90 S. Ct. 2018, 26 L. Ed.2d 586 (1970); *Morris v. Schoenfield,* 399 U.S. 508, 90 S. Ct. 2018, 26 L. Ed.2d 773 (1970); *Tate v. Short,* 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed.2d 130 (1971).

that after a hearing and determination of indigency "one who has been convicted of a crime and fined is not to be imprisoned in satisfaction of the crime or in lieu thereof if he is unable to pay the fine." *State ex rel. Pederson, supra* at 289. Thus, they are not readily applicable.

The defendant concedes that the initial act of issuing a check knowing that there are insufficient funds to make the check payable is based upon fraud rather than debt. In *State v. Croy,* 32 Wis.2d 118, 145 N.W.2d 118 (1966) it was challenged that sec. 943.21 prohibiting the defrauding of an innkeeper constituted an impermissible imprisonment for debt. In *Croy* the court held sec. 943.21 to be constitutional and reasoned:

". . . it is not the debtor's nonpayment but rather the fraud through which the payment is evaded . . .

"We . . . deem that the legislature of Wisconsin may constitutionally punish fraud by imprisonment even though such fraud arises in connection with the nonpayment of a debt." *supra* at 123.

A distinction could be drawn between these two statutes in that sec. 943.21 expressly requires an *intent to defraud* while sec. 943.24 requires an *intent not to pay.* The general rule in a majority of jurisdictions is that an indispensable condition of criminal liability for issuance of worthless checks is that the defendant issued the check with an intent to defraud. *Merkel v. State,* 167 Wis. 512, 167 N.W. 802 (1918); *also* 11 Op. Atty. Gen. 137 (1922), 66 Op. Atty. Gen. 168 (1977). "Expectation of Payment as a Defense to Issuance of a Worthless Check" 9 A.L.R.3d 719.

We hold the difference between the statutory requirements of *intent to defraud* and *intent not to pay* is a difference without a legal distinction when applied to sec. 943.24. The inherent nature of the offense described in

sec. 943.24(1) is that the defendant intends to defraud when he offers a form of legal tender knowing he does not have sufficient funds to satisfy the obligation created at the time of the issuance of the check.

We do not reach the issues raised by the state that (1) the defendant waived any claim of error by entering a guilty plea; and (2) that the abuse of discretion issue is being raised for the first time on appeal.

*By the Court.*—Judgment and order affirmed.

CALLOW, J., took no part.