STATE, Plaintiff-Respondent, v. KARPINSKI, Defendant-Appellant: BASCOME, Defendant.

Supreme Court

*No. 76–586–CR. Argued October 9, 1979.—Decided December 4, 1979.*
(Also reported in 285 N.W.2d 729.)

For the appellant there was a brief by *Henry G. Piano,* legal counsel, and *David C. Lugert,* associate legal counsel, both of Milwaukee, and oral argument by *Mr. Lugert.*

For the respondent the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Amicus curiae brief was filed by *Burt P. Natkins,* legal counsel, League of Wisconsin Municipalities, of Madison.

SHIRLEY S. ABRAHAMSON, J. This appeal challenges the constitutionality of a criminal complaint on the ground that the Waukesha county district attorney exercised discretion to charge the defendant with a statutory violation in a criminal action when the same conduct could have been prosecuted as an ordinance violation in a civil action. We affirm the order of the circuit court upholding the validity of the criminal complaint.

Karpinski, the defendant, was charged with a misdemeanor, possession of controlled substances (marijuana and amphetamines) in violation of sec. 161.41(3), Stats.[1] The alleged offense occurred on November 30, 1974, in the city of Brookfield in Waukesha county. At the time of the offense the city of Brookfield had an ordinance prohibiting the same conduct which violated sec. 161.41 (3), Stats.[2]

The penalty for a violation of sec. 161.41(3), Stats., is a fine or a term of imprisonment in county jail. Sec. 939.61, Stats. For first offenders, conditional discharge

[1] Sec. 161.41(3), Stats., provides:

"(3) It is unlawful for any person to possess a controlled substance, other than a controlled substance classified in schedule I or II which is a narcotic drug, unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a misdemeanor, punishable under s. 939.61."

[2] The parties agree that the Brookfield ordinance is a counterpart of sec. 161.41(3), Stats. The ordinance provides as follows:

"9.28 General offenses. The following offenses, defined as misdemeanors by state law are hereby prohibited in the city, and said definitions are incorporated herein by reference just as though fully set forth herein, but the penalty for violations under this section shall be limited to a forfeiture as set forth in sec. 9.30;

". . . (13) 161.41(3) Possession of a Controlled Substance."

is available.[3] An action for a violation of the Brookfield ordinance is a civil action, the penalty being a money forfeiture.[4]

The county court granted Karpinski's motion to dismiss the criminal complaint, holding that Brookfield's ordinance was invalid under the Wisconsin constitution and the doctrine of preemption; that dual prosecution by the state and municipality violates the federal and state constitutional prohibitions against double jeopardy;[5] that the ordinance is invalid as violative of equal protection and due process guarantees; and that sec. 66.051 (4), Stats.,[6] contravenes the state constitution.[7]

---

[3] Sec. 161.47(1), Stats.

[4] Sec. 66.12(1) (a), Stats., provides: "An action for violation of a city or village ordinance, resolution or bylaw is a civil action. All forfeitures and penalties imposed by any ordinance . . . may be collected in an action in the name of the municipality before the municipal court or a court of record. . . ."

See also sec. 939.12, Stats., which provides: "Crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime."

See State ex rel. Keefe v. Schmiege, 251 Wis. 79, 86, 28 N.W.2d 345 (1947); State ex rel. Prentice v. County Court, 70 Wis.2d 230, 241–42, 234 N.W.2d 283 (1975).

For a discussion of the significance of the "civil-criminal" distinction, see Clark, Civil and Criminal Penalties and Forfeitures: A Framework for Constitutional Analysis, 60 Minn. L. Rev. 379 (1976); State v. Ramirez, 83 Wis.2d 150, 153, 265 N.W.2d 274 (1978).

[5] See State v. Ramirez, 83 Wis.2d 150, 153, 265 N.W.2d 274 (1978).

[6] Karpinski's brief and the county court decision assume that Brookfield's power to enact its ordinance is derived from sec. 66.-051, Stats., and that sec. 66.051 is the statute which must be struck down. Sec. 66.051, Stats. provides:

"66.051 **Power of municipalities to prohibit criminal conduct.** The board or council of any town, village or city may:

"(1) Prohibit all forms of gambling and fraudulent devices and practices;

The county court dismissed the complaint without prejudice, concluding that the state did not come before the court with "clean hands."[8]

"(2) Cause the seizure of anything devised solely for gambling or found in actual use for gambling and cause the destruction of any such thing after a judicial determination that it was used solely for gambling or found in actual use for gambling:

"(3) Prohibit conduct which is the same as or similar to that prohibited by s. 947.01.

"(4) Nothing in this section shall be construed to preclude cities and villages from prohibiting conduct which is the same or similar to that prohibited by chs. 941 to 947."

Sec. 66.051(1)(2) and (3) are grants of power, but the ordiance in issue here does not fall within these subsections. Subsection (4) does not grant power; it merely states that the statute does not preclude the city from enacting certain ordinances. According to the note to subsection (4) in Bill No. 767, A, C. 565, sec. 7, Laws of 1959, Wisconsin Legislative Reference Library, Madison, Wisconsin, the purpose of subsection (4) is "to make clear that municipalities are not limited to regulating the type of conduct enumerated in this section."

Brookfield's power to enact the ordinance may be determined from a statutory provision other than sec. 66.051. Local units of government have significant powers to enact local legislation. See e.g., Section 3, Art XI, Wis. Const., secs. 60.29(9), 61.34(1), 62.11(5), 64.11(1), 66.05, Stats.

We do not on appeal determine the validity of the Brookfield ordinance. The State's brief comments on its validity as follows:

"The State recognizes that a 1974 opinion of former Attorney General Robert W. Warren, 63 Op. Att'y Gen. 108 (1974), concluded that municipal ordinances attempting to regulate the sale and possession of controlled substances constitute invalid local legislation in conflict with Ch. 161, Stats. In a subsequent informal opinion to the Milwaukee City Attorney, however, Attorney General Bronson C. La Follette expressed his reservations about the accuracy of the 1974 opinion. The State does not believe it necessary to express a view on the correctness of the 1974 opinion in this brief since a resolution of the issue before this Court on appeal does not require a determination of the validity of such ordinances."

[7] For a discussion of the validity of Ann Arbor ordinance regulating marijuana, see Note, The Concurrent State & Local Regulation of Marijuana: The Validity of the Ann Arbor Mari-

The State appealed to the circuit court which reversed the county court order and reinstated the complaint. Karpinski appeals from the order of the circuit court, and we affirm the order of the circuit court.

On appeal Karpinski challenges the filing of the criminal charge against him on the single ground that the mere coexistence of a state statute and a municipal ordinance prohibiting the same conduct gives prosecutors unbridled discretion in the charging decision in violation of the equal protection or due process guarantees of the federal and state constitutions.[9] Karpinski has not attempted to prove a discriminatory prosecution defense, namely, that the decision to prosecute under the state statute or under the Brookfield ordinance is, in fact, based on impermissible prosecutorial considerations such as race, religion, or other arbitrary classification.[10] Karpinski's brief states the issue as follows:

---

*juana Ordinance*, 71 Mich. L. Rev 400 (1972). *See also* Blease, *Civil Liberties and the California Law of Preemption*, 17 Hastings L. J. 517 (1966).

[8] The impact of Karpinski's argument is that even though he was charged under a valid state statute, the charge must be dismissed because the state is inextricably involved in this practice of denying constitutional guarantees. The inextricable state involvement is the state's grant of authority to a municipality to prohibit conduct which is prohibited by the criminal statutes of the state.

[9] The Waukesha county district attorney has not announced any policy for prosecuting under the state marijuana law. *See Locklear v. State*, 86 Wis.2d 603, 273 N.W.2d 334 (1979), involving the court's review of the validity of a charging policy established by the district attorney under sec. 943.24(1), Stats.

[10] *United States v. Batchelder,* 442 U.S. 114, 125, n. 9 (1979); *Oyler v. Boles*, 368 U.S. 448, 456 (1962); *State v. Johnson*, 74 Wis.2d 169, 173, 246 N.W.2d 503 (1976); *Locklear v. State*, 86 Wis.2d 603, 610, 273 N.W.2d 334 (1979).

For further discussion of the defense of prosecutory discrimination, *se Murguia v. Municipal Court for Bakersfield Judicial District*, 15 Cal.3d 286, 124 Cal. Rptr. 104, 540 P.2d 44 (1975); Note,

"This is not just a case of an alleged individual decision by authorities to discriminate against an individual but rather a state wide practice of allowing ordinance violations to co-exist with State Statutory violations with regard to identical conduct. Here there is no set of guidelines by which the charging authorities can determine whether to charge with criminal violations or ordinance violations. The practice is so suspect that it must be said that as a matter of law it violates the due process and equal protection rights of citizens."[11]

Development of the Defense of Discriminatory Prosecution: Murguia v. Municipal Court, 8 Southwestern U. L. Rev. 687 (1976); Comment, The Right to Nondiscriminatory Enforcement of State Penal Laws, 61 Columbia L. Rev. 1103 (1961); Note, Discriminatory Law Enforcement and Equal Protection from the Law, 59 Yale L. J. 354 (1950); Annot., Preconviction Procedure for Raising Contention that Enforcement of Penal Statute or Law is Unconstitutionally Discriminatory, 4 A.L.R.3d 404 (1965).

[11] In City of Bellingham v. Schampera, 57 Wash.2d 106, 356 P.2d 292, 302 (1960), the penalty for violating a city ordinance prohibiting driving while under the influence of intoxicating liquor was a fine and jail sentence; the penalty for violating the state statute was suspension of the driving license. Justice Mallory (dissenting) concluded that the city ordinance was invalid: "Experience has shown that such great disparity in the penalties which different courts are able to impose inevitably results in improper pressures being put upon public officers and courts by offenders who seek to minimize their punishment by having their case disposed of in a court limited to the smaller penalties. The implementation of such a choice constitutes a denial of the equal protection of the laws guaranteed by the fourteenth amendment to the United States constitution."

In State v. Roggensack, 15 Wis.2d 625, 634, 113 N.W.2d 389, 114 N.W.2d 459 (1962), Justice Dieterich (dissenting) objected to the prosecution being able to determine whether to bring a civil or criminal action:

"The provisions of sec. 71.11(41) and sec. 71.11(42), Stats., are identical with respect to the acts, omissions, and circumstances they apply to. If sec. 71.11(41) is a civil penalty and sec. 71.11 (42) a criminal penalty, then we are confronted with a situation where an administrative officer has the discretion to determine whether an offender shall be required to answer a civil charge,

Support for Karpinski's contention is found in Justice Black's dissent in *Berra v. United States,* 351 U.S. 131, 135 (1956):

"So far as I know, this Court has never approved the argument the Government makes here. . . . [That] argument rests on the stark premise that Congress has left to the district attorney or the Attorney General the power to say whether the judge and jury must punish identical conduct as a felony or as a misdemeanor.

"A basic principle of our criminal law is that the Government only prosecutes people for crimes under statutes passed by Congress which fairly and clearly define the conduct made criminal and the punishment which can be administered. This basic principle is flouted if either of these statutes can be selected as the controlling law at the whim of the prosecuting attorney or the Attorney General. 'For, the very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another, seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself.' *Yick Wo v. Hopkins,* 118 U.S. 356, 370.

". . . Of course it is true that under our system Congress may vest the judge and jury with broad power to say how much punishment shall be imposed for a particular offense. But it is quite different to vest such powers in a prosecuting attorney. . . .

"The Government's contention here also challenges our concept that all people must be treated alike under the law. This principle means that no different or higher punishment should be imposed upon one than upon another if the offense and the circumstances are the same.

---

a criminal charge, or both, for identical behaviors. This is a denial of equal protection of the laws and an invalid delegation of power by the legislature to those administrative officers charged with the enforcement of this statute."

*See also Hutcherson v. United States,* 345 F.2d 964, 972 (D.C. Cir. 1965) (Bazelon, C.J., concurring in part and dissenting in part), *cert. denied* 382 U.S. 894 (1965); *Henderson v. United States,* 349 F.2d 712 (D.C. Cir. 1965) (Bazelon, C.J., dissenting); *United States v. Batchelder,* 581 F.2d 626, 631–634 (7th Cir. 1978), rev'd 442 U.S. 114 (1979).

. . ." *Berra v. United States,* 351 U.S. 131, 138, 139, 140 (Black, J. dissenting).

The State asserts that the Waukesha county district attorney's discretion in the case at bar is not qualitatively different than that typically exercised by prosecutors in deciding (1) whether to prosecute and (2) under which of several criminal statutes to prosecute.

The instant case, argues the State, is an illustration of the generally accepted doctrine that the prosecutor has wide discretion in deciding whether to prosecute. The State says that in the case at bar the Waukesha county district attorney is performing the usual function of the office; the district attorney is deciding whether or not a charge should be filed under the state statute prohibiting the possession of marijuana.

This court has repeatedly emphasized that the prosecutor has great discretion in determining whether to commence a prosecution. While it is the prosecutor's duty to prosecute criminal actions, sec. 59.47, Stats., the prosecutor is not required to prosecute all cases in which it appears that the law has been violated. We have characterized the prosecutor's charging discretion as "quasi-judicial" in the sense that it is his duty to administer justice rather than to obtain convictions.[12]

[12] *See also Locklear v. State,* 86 Wis.2d 603, 610, 273 N.W.2d 334 (1979); *United States v. Batchelder,* 442 U.S. 114, 124, 99 S. Ct. 2198, 2204 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

For a discussion of the discretion of the district attorney, *see* sec. 968.02, Stats.; *State ex rel. White v. Gray,* 57 Wis.2d 17, 29, 203 N.W.2d 638 (1973); *Mallon v. State,* 49 Wis.2d 185, 189, 181 N.W.2d 364 (1970); Brown, *The Wisconsin District Attorney and the Criminal Case* 37, 38 (1977); Note, *Prosecutor's Discretion,* 103 U. Pa. L. Rev. 1057 (1955); *A Symposium: Prosecutorial Discretion,* 13 Am. Cr. L. Rev. 383 (1976).

We have said that in general the prosecuting attorney is answerable to the people of the state and not to the courts or the legislature as to the way in which he exercises power to prosecute complaints. *State ex rel. Kurkierewicz v. Cannon,* 42 Wis.2d 368, 378, 166 N.W.2d 255 (1969); *State v. Kenyon,* 85 Wis.2d 36, 42, 45, 270 N.W.2d 160 (1978). Nevertheless, the charging decision of a district attorney is not unlimited; it has bounds.

In the criminal justice system there is at one and the same time the need for encouraging prosecutorial discretion to achieve flexibility and sensitivity and the need for circumscribing prosecutorial discretion to avoid arbitrary, discriminatory or oppressive results. One technique suggested to achieve both goals is administrative rule-making. Although the development of standards to structure and check the exercise of discretion in individual cases is a difficult task, prosecutors have been encouraged to formulate such standards. Davis, *Discretionary Justice,* 59, 232–233 (1969); Remington, Newman, Kimball, Melli and Goldstein, *Criminal Justice Administration* c. 6 (1969); Abrams, *Internal Policy: Guiding the Exercise of Prosecutorial Discretion,* 19 U.C.L.A. L. Rev. 1 (1971); Breitel, *Controls in Criminal Law Enforcement,* 27 U. Chi. L. Rev. 427 (1960).

Guidelines for the exercise of prosecutorial discretion are explored in Standard 3.9 of the American Bar Association, *Standards for Criminal Justice Relating to the Prosecution Function* (Approved Draft 1971), to which this court has referred in prior cases.

"3.9  **Discretion in the charging decision.**

"(a) In addressing himself to the decision whether to charge, the prosecutor should first determine whether there is evidence which would support a conviction.

"(b) The prosecutor is not obliged to present all charges which the evidence might support. The prosecutor may in some circumstances and for good cause

consistent with the public interest decline to prosecute, notwithstanding that evidence exists which would support a conviction. Illustrative of the factors which the prosecutor may properly consider in exercising his discretion are:

"(i) the prosecutor's reasonable doubt that the accused is in fact guilty;

"(ii) the extent of the harm caused by the offense;

"(iii) the disproportion of the authorized punishment in relation to the particular offense or the offender;

"(iv) possible improper motives of a complainant;

"(v) prolonged non-enforcement of a statute, with community acquiescence;

"(vi) reluctance of the victim to testify;

"(vii) cooperation of the accused in the apprehension or conviction of others;

"(viii) availability and likelihood of prosecution by another jurisdiction.

"(c) In making the decision to prosecute, the prosecutor should give no weight to the personal or political advantages or disadvantages which might be involved or to a desire to enhance his record of convictions.

"(d) In cases which involve a serious threat to the community, the prosecutor should not be deterred from prosecution by the fact that in his jurisdiction juries have tended to acquit persons accused of the particular kind of criminal act in question.

"(e) The prosecutor should not bring or seek charges greater in number or degree than he can reasonably support with evidence at trial."

This court has reviewed charging decisions to determine if there has been an abuse of discretion or discriminatory prosecution. We have said that it is an abuse of discretion for the prosecutor to bring charges when the evidence is clearly insufficient to support a conviction or to bring charges on counts of doubtful merit to coerce the defendant to plead guilty to a less serious offense. *Thompson v. State,* 61 Wis.2d 325, 328–330, 212 N.W.2d 109 (1973). Karpinski does not argue that in the instant case the district attorney has exercised his discretion to

bring charges under circumstances that would constitute an abuse of discretion or discriminatory prosecution.

The State further argues that the Waukesha county district attorney's discretion in the instant case is not appreciably different than a prosecutor's discretion to determine under which of several criminal statutes certain conduct will be charged. The United States Supreme Court has recently characterized as "settled rule" the maxim that when an act violates overlapping, but not identical, criminal statutes the government may prosecute under either criminal statute so long as there is no discriminatory prosecution.[13] Indeed, in *United States v. Batchelder*, 442 U.S. 114, 125 (1979), the United States Supreme Court upheld the power of the prosecutor to charge one of two criminal statutes containing identical elements as applied to the defendant but prescribing different penalties. The Court said:

"... [T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistin-

[13] *United States v. Batchelder*, 442 U.S. 114 (1979). *See Harris v. State*, 78 Wis.2d 357, 368, 254 N.W.2d 291 (1977); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Although the elements of the crime and ordinance violation are the same, the standard of proof is different. The district attorney prosecuting a violation of a criminal statute is required to prove guilt beyond a reasonable doubt; violation of an ordinance must be proved by "clear, satisfactory, and convincing evidence." *See, e.g., Madison v. Geier*, 27 Wis.2d 687, 691, 135 N.W. 2d 761 (1965); *City of Cudahy v. DeLuca*, 49 Wis.2d 90, 93, 181 N.W.2d 374 (1970); *Gauthier v. State*, 28 Wis.2d 412, 415, 137 N.W.2d 101 (1965), *cert. denied* 383 U.S. 916 (1966).

guishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses. . . ."[14]

The Wisconsin legislature, recognizing that the prosecuting attorney may frequently be faced with conduct which can be prosecuted under more than one statute, has specifically granted the prosecuting attorney the power to choose the statute under which to proceed. Section 939.65, Stats., provides that "If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."[15]

Karpinski contends that the broad prosecutorial discretion vested in the district attorney to determine whether to proceed and under which statute to proceed is aggravated in the case at bar because the district attorney is empowered to choose whether to proceed in a criminal or civil action without any established criteria to guide the prosecutor's discretion in choosing between criminal and civil enforcement.[16]

[14] *But see State v. Roggensack*, 15 Wis.2d 625, 633, 113 N.W.2d 389, 114 N.W.2d 459 (1962), in which this court said that if two statutes make the same conduct criminal, "their coexistence would violate constitutional requirements of due process of law and of equal protection of the laws because of vagueness and uncertainty and the delegation to an administrative agency the choice of either section without any legal standards to govern such choice. Sec. 939.65, Stats., is not inconsistent with this proposition. Under this section the same act may form the basis for a crime punishable under more than one statutory provision. We do not construe the section to mean the same crime, but different crimes having some similar elements but not having identical elements."

[15] *See* Remington & Joseph, *Charging, Convicting & Sentencing The Multiple Criminal Offender*, 1961 Wis. L. Rev. 528.

[16] *See* Weissman, *The Discriminatory Application of Penal Laws by State Judicial and Quasi-Judicial Officers: Playing the Shell*

The State properly points out that Karpinski's description of the Waukesha county district attorney's powers is inaccurate: The Waukesha county district attorney determines only whether there will be a state prosecution, not whether there will be a civil prosecution. It is undisputed that when a person is arrested for possession of marijuana in the city of Brookfield, the procedure followed by the police is that the matter is referred to the Waukesha county district attorney for review. The Waukesha county district attorney decides whether a criminal prosecution should be initiated. If the Waukesha county district attorney determines that there should be a criminal prosecution, the case remains in the district attorney's office. If the Waukesha county district attorney decides not to prosecute, the case is referred to the office of Brookfield's city attorney. The Brookfield city attorney then determines whether there should be a prosecution under the city ordinance. The State is correct that under this procedure the district attorney does not determine whether to prosecute in a criminal or civil proceeding; the district attorney determines only whether to prosecute under a criminal statute.[17]

---

*Game of Rights and Remedies,* 69 Nw. U. L. Rev. 489, 489–93 (1974); *Developments in the Law, Corporate Crime: Regulating Corporate Behavior Through Criminal Sanctions,* 92 Harv. L. Rev. 1227, 1300 (1979).

[17] We are not faced in the instant case with the question of whether it is an unconstitutional exercise of prosecutorial discretion for a single prosecutor to determine whether to prosecute a civil or a criminal action for the same conduct in the absence of guidelines established by the prosecutor for the exercise of such discretion.

The State, relying on *State v. Roggensack,* 15 Wis.2d 625, 113 N.W.2d 389, 114 N.W.2d 459 (1962), urges that such prosecutorial discretion is valid. In *Roggensack* one statute set forth a civil penalty for filing a fraudulent return or for failing to file a tax return, and the other, under which defendant had been

This case does not involve a fact situation in which the initial determination of whether there will be a prosecution for conduct which violates both a criminal statute and an ordinance is made by municipal authorities. We recognize that there is the danger that those in charge of municipal prosecutions may proceed with prosecution under the municipal ordinance without adequately assessing the seriousness of the defendant's conduct or considering whether a criminal prosecution should be undertaken. However, in this case we are not faced with the question of the municipality's power to preempt or suspend the operation of the state law within the municipality by prosecuting for the violation of a municipal ordinance.

■ Although the Waukesha county district attorney does not decide whether there should be a civil prosecution, we must recognize that the district attorney's decision to proceed in a criminal prosecution may be influenced by the existence of a municipal ordinance which proscribes the same conduct as does the state statute. All

---

prosecuted, a criminal penalty. The court held that prosecution under the criminal statute did not deny the defendant equal protection; that equal protection does not demand "that all violators, or none, must be prosecuted both civilly and criminally where such sanctions are applicable." The court held that it is within a prosecutor's discretion to decide whether to seek civil or criminal penalties for a violation of the tax law:

"A person subject to being charged with two crimes or a crime and a civil penalty is not entitled to know in advance exactly what the consequences of his act shall be by any requirement of due process. *State v. Coubal* (1946), 248 Wis. 247, 21 N.W.2d 381; nor does equal protection of the laws require that all violators, or none, must be prosecuted both civilly and criminally where such sanctions are applicable. This is not a case of arbitrary power granted to an executive officer to say what the law is, but a case of enforcement. Sec. 71.11(42), Stats., is not invalid because the tax department has not yet sought to apply criminal sanctions against all violators." *State v. Roggensack*, 15 Wis.2d at 633.

things being equal a district attorney may be less likely to bring a criminal charge when an alternative civil penalty for an ordinance violation exists than when no such alternative penalty exists. However, the fact that the district attorney, in the exercise of prosecutorial discretion, may be influenced by the possibility of "punishment" by means of a civil procedure does not make the coexistence of the municipal ordinance and the state statute unconstitutional. *Cf. United States v. Batchelder, supra.*

The municipal ordinance violation can be viewed as one type of non-criminal disposition, and this court has acknowledged that the prosecutor's diversion of a case to non-criminal channels may further the ends of justice. We have said that the district attorney, when deciding whether to charge a putative defendant, should explore the opportunities to dispose of a case without pursuing the criminal process.

In *Thompson v. State,* 61 Wis.2d 325, 330–331, 212 N.W.2d 109 (1973), we referred to Standard 3.8 of the American Bar Association *Standards Relating to the Prosecution Function* (Approved Draft 1971) with approval.

Standard 3.8 **"Discretion as to non-criminal disposition.**

"(a) The prosecutor should explore the availability of non-criminal disposition, including programs of rehabilitation, formal or informal, in deciding whether to press criminal charges; especially in the case of a first offender, the nature of the offense may warrant non-criminal disposition.

"(b) Prosecutors should be familiar with the resources of social agencies which can assist in the evaluation of cases for diversion from the criminal process."

In *Thompson* we stated that the decision to refrain from initiating a criminal prosecution and to divert the accused (against whom there is evidence sufficient for

a conviction) to a non-criminal mode of treatment is a discretionary one for the district attorney and ordinarily will not be set aside. *Thompson v. State*, 61 Wis.2d at 331.[18]

Karpinski maintains, however, that the district attorney does not always have the opportunity to consider as an alternative to criminal prosecution a prosecution for violation of an ordinance. When certain acts occur in Brookfield a civil action is a possible alternative to criminal prosecution, but when the same acts occur in another municipality, the alternative sanction of an ordinance violation may not be available because the municipality may not have enacted an ordinance proscribing the conduct.[19] Karpinski argues that permitting the coexistence of the state criminal statute and the municipal ordinance at the option of a municipality thus imposes a threat to the uniform, consistent and even-handed administration of the state's criminal justice system.

[18] Despite general support for diversion much is yet unknown about the effects of diversion on the individual and the criminal justice system. Nimmer, *Diversion, The Search for Alternative Forms of Prosecution* (1974). There are possible dangers in the use of diversion, *e.g.*, proof of guilt is not required before sanctions not prescribed by the legislature are imposed in return for the prosecutor's agreement to dismiss charges. *The President's Commission on Law Enforcement & Administration of Justice, Task Force Report: The Courts* 8–9 (1967) quoted in Remington, Newman, Kimball, Milli and Goldstein, *Criminal Justice Administration* 421–22 (1969). These dangers are not present in the instant case because the alternative civil ordinance violation would require proof in a court and the penalty is limited by law.

[19] On June 18, 1975, Daniel C. Bascome was arrested in New Berlin, Waukesha County, and charged with a violation of sec. 161.41(3), Stats. At that time New Berlin had no municipal ordinance that was a counterpart to sec. 161.41(3). Bascome filed a motion to dismiss on an equal protection ground similar to that asserted by Karpinski. For purposes of the motion to dismiss, these two cases were consolidated. Bascome, however, is not a party to this appeal, nor are any of the documents peculiar to his case contained in the record on appeal.

■ We do not view the possible difference in the discretionary evaluation or subjective determination by the district attorney within each county and from county to county due to the existence of a municipal ordinance sufficient to render the coexistence of the municipal ordinance and the state statute unconstitutional as a denial of equal protection or due process. The fate of the putative defendant hinges on many factors and many subjective determinations (which is not to say that standards and guidelines cannot be stated or that prosecuting attorneys should not be encouraged to establish standards and guidelines). The possible availability of a civil sanction under a municipal ordinance cannot be viewed as such a determinative component of the prosecutorial decision so as to subject the Wisconsin criminal justice system to the charge that there is no consistency or uniformity in criminal prosecutions across the state because of the coexistence of a criminal statute and a municipal ordinance at the choice of the municipality. We conclude that the prosecutorial discretion of the Waukesha county district attorney described in this case is not so susceptible to discriminatory enforcement that it is *per se* unconstitutional as a violation of equal protection or due process under either the state or federal constitutions.

■ We conclude that the prosecutorial discretion of the Waukesha county district attorney as described in the instant case to determine whether to file criminal charges against Karpinski, to forward the case to the city attorney's office, or to drop the matter completely falls within the generally accepted bounds of prosecutorial discretion, *i.e.*, deciding whether to prosecute and under which statute. Because Karpinski has made no showing of abuse of prosecutorial discretion or selective enforce-

ment in the instant case, the complaint should not be dismissed.

Accordingly, we affirm the order of the circuit court.
*By the Court.*—Order affirmed.

CALLOW, J., took no part.