STATE OF NEBRASKA, APPELLEE, V. DANA MILLER, APPELLANT.

341 N.W.2d 915

Filed December 23, 1983. No. 83-225.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

After trial to the court the defendant was convicted of kidnapping and use of a firearm in the commission of a felony. He was sentenced to imprisonment for 5 years on count I and imprisonment for 1 year on count II. He has appealed, and contends that the trial court should have dismissed the information or found him guilty of false imprisonment in the first degree.

The offense occurred on October 6, 1982, when the defendant entered the office of the superintendent of shops of the Union Pacific Railroad in Omaha, Nebraska, and held the superintendent prisoner at gunpoint for approximately 40 minutes. The defendant had been refused employment because of a physical disability. During the time that the defendant held the superintendent prisoner, the defendant stated that he intended to kill the superintendent. After about 40 minutes the defendant left the superintendent's office without harming him, but the defendant threatened to "get" the superintendent's family if the authorities were sent after the defendant.

Under Neb. Rev. Stat. § 28-313(1)(c) (Reissue 1979), "A person commits kidnapping if he abducts another or, having abducted another, continues to restrain him with intent to do the following: . . . (c) Terrorize him or a third person." Neb. Rev. Stat. § 28-312 (Reissue 1979) defines "restrain" and "abduct" in pertinent part as follows: "(1) Restrain shall mean to restrict a person's movement in such a manner as to interfere substantially with his liberty: (a) By means of force, threat, or deception . . . (2) Abduct shall mean to restrain a person with intent to prevent his liberation by: . . . (b) Endan-

gering or threatening to endanger the safety of any human being.''

The evidence of the State was clearly sufficient, if believed, to support a finding of guilty on both counts, beyond a reasonable doubt.

The defendant contends that the evidence would also have sustained a finding of guilty of false imprisonment in the first degree. Neb. Rev. Stat. § 28-314(1)(a) (Reissue 1979) provides: ''A person commits false imprisonment in the first degree if he knowingly restrains or abducts another person (a) under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury.''

The defendant argues that the offenses are identical if a person is abducted with the intent to terrorize the victim or the abduction occurs under terrorizing circumstances. The defendant then argues that the prosecution for kidnapping violated the defendant's right to due process and equal protection because the prosecutor could arbitrarily choose which crime to charge.

The defendant's contention that the crimes are identical is without merit. Kidnapping requires proof of a specific intention which is not an element of false imprisonment. An abduction might occur under terrorizing circumstances even though there was no intention on the part of the abductor to terrorize the victim.

The defendant's second contention is equally without merit. The discretion which a prosecutor exercises in deciding which crime to charge is no different in this case than that which a prosecutor exercises in any case where a single act may violate more than one statute. In *United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979), the U.S. Supreme Court held that when an act violates more than one criminal statute, the government may prosecute under either criminal statute so long as it does not discriminate against any

class of defendants. The Court stated: "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause." *Id.* at 125.

In *State v. White*, 209 Neb. 218, 228, 306 N.W.2d 906, 913 (1981), this court quoted with approval from *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978), as follows: " 'In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." ' "

See, also, *State v. Karpinski*, 92 Wis. 2d 599, 285 N.W.2d 729 (1979).

There being no error, the judgment is affirmed.

AFFIRMED.