BENJAMIN SOUTHWICK, Corporation Counsel Richland County
You ask whether counties can enact ordinances in conformity with state statutes prohibiting the possession and sale of marijuana.
In my opinion, the answer is no.
"[A] county board has only such powers as are expressly conferred upon it or necessarily implied from the powers expressly given or from the nature of the grant of power." Townof Vernon v. Waukesha County, 102 Wis.2d 686, 689,307 N.W.2d 227 (1981).
Section 59.07(64), Stats., does authorize counties to "[e]nact ordinances to preserve the public peace and good order within the county." However, in St. ex rel. Teunas v. Kenosha County,142 Wis.2d 498, 513, 418 N.W.2d 833 (1988), the Wisconsin Supreme Court held that this subsection of the statutes authorizes the enactment of ordinances only in "those areas traditionally recognized as concerning public peace and order." See 46 Op. Att'y Gen. 12, 13 (1957). Such areas have been described in the following fashion:
 "Under charter or statutory power, ordinances may be enacted against disturbing the public order and peace by disorderly or boisterous conduct; unusual noises and other boisterous and improper conduct; abusive or indecent language, cursing, swearing, or any loud or boisterous talking; drunken, noisy and disorderly conduct; disorderly shouting, dancing and assembling; noisy, rude, insulting and disorderly words or conduct toward another; affrays and fighting; riots and disorderly or boisterous assemblages; molesting religious and other lawful meetings; undue or unnecessary blowing of whistles of factories, shops and the like; playing of musical instruments at certain hours except in specified appropriate places such as homes, churches and public buildings; parading in public thoroughfares with bands of music and making various kinds of noises, without legal permits; holding unlawful public meetings in streets and public places; and ringing bells for auction sales, etc., playing on hand organs and other musical instruments, giving false alarms of fire, etc." *Page 206 
46 Op. Att'y Gen. at 13, quoting 6 McQuillin, MunicipalCorporations, pp. 634-35 (3rd ed.).
In Teunas, 142 Wis.2d at 509-15, the court also indicated that criminal statutes concerning public peace and order are generally found in chapter 947. The possession and sale of marijuana are generally prohibited by chapter 161. See 63 Op. Att'y Gen. 108 (1974). There is no provision contained in chapter 947 that explicitly prohibits the possession or sale of marijuana, and I am not aware of any statutory provision other than section 59.07
(64) that would even arguably authorize counties to enact ordinances prohibiting such possession or sale.[1]
I therefore conclude that counties may not enact ordinances in conformity with state statutes prohibiting the possession and sale of marijuana.
DJH:FTC
[1] The Wisconsin Supreme Court has not decided whether towns, villages or cities have the authority to enact such ordinances.See State v. Karpinski, 92 Wis.2d 599 602-03 n. 6, 285 N.W.2d 729
(1979). *Page 207