THOMPSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 9. Argued October 30, 1973.—Decided November 27, 1973.*

(Also reported in 212 N. W. 2d 109.)

For the plaintiff in error there was a brief and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J. The evidence shows that, on the evening of September 14, 1972, Thompson, following completion of his work, began a tour of the local bars, and by 9:30 p. m. he was under the influence of intoxicating liquors. He stopped at a residence in Lancaster, where he asked the lady of the house to call a local representative of Alcoholics Anonymous. She was unable to locate him, and shortly thereafter the defendant "started groaning and rolling [on the ground] and saying he was going to commit suicide." She called the police for assistance. A Lancaster police officer arrived shortly after the call, but at that time the defendant had left. He was located walking down the street approximately a block away. The police officer ordered him to stop. Thompson replied, "Get out of my way you son-of-a-bitch or I will kill you." The officer at that time saw no weapon in

the hands of the defendant and, at gunpoint, ordered him back to the squad car, where an attempt was made to frisk him. At that time the defendant pulled a knife, and stating, "This is for you, you son-of-a-bitch," struck at the officer with the knife. The officer blocked the blow, but in the scuffle that ensued, the officer received a cut to one finger before he managed to put the handcuffs on the defendant.

On this appeal the defendant concedes that the testimony established at trial is sufficient to prove beyond a reasonable doubt that the defendant had committed the crime of attempted first-degree murder. It is conceded, in addition, that there was insufficient evidence to convince the jury that the defendant was so intoxicated as to be unable to form a criminal intent.

Two questions are posed on this appeal. It is alleged that, under all the facts and circumstances, it was an abuse of discretion for the district attorney to have charged this defendant with attempted first-degree murder. It is also contended that the trial judge abused his discretion, under the circumstances, in imposing an excessive sentence.

### Discretion of the prosecutor.

The presentence investigation and the tenor of the briefs of both the defendant and of the state convincingly demonstrate that Thompson had been an alcoholic for a considerable period of time. Under the circumstance, it is argued that a proper disposition would have been the filing of a lesser charge or the diversion of the defendant to noncriminal channels for the treatment of his alcoholism. In *State ex rel. Kurkierewicz v. Cannon* (1969), 42 Wis. 2d 368, 378, 166 N. W. 2d 255, we said:

"It is clear that in his functions as a prosecutor he has great discretion in determining whether or not to prosecute. There is no obligation or duty upon a district

attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial. In general, the district attorney is not answerable to any other officer of the state in respect to the manner in which he exercises those powers."

The discretion of the prosecutor is discussed at length in the American Bar Association, *Standards for Criminal Justice Relating to The Prosecution Function and The Defense Function*, Standard 3.9.[1] This standard makes

---

[1] "3.9 **Discretion in the charging decision.**

"(a) In addressing himself to the decision whether to charge, the prosecutor should first determine whether there is evidence which would support a conviction.

"(b) The prosecutor is not obliged to present all charges which the evidence might support. The prosecutor may in some circumstances and for good cause consistent with the public interest decline to prosecute, notwithstanding that evidence exists which would support a conviction. Illustrative of the factors which the prosecutor may properly consider in exercising his discretion are:

"(i) the prosecutor's reasonable doubt that the accused is in fact guilty;

"(ii) the extent of the harm caused by the offense;

"(iii) the disproportion of the authorized punishment in relation to the particular offense or the offender;

"(iv) possible improper motives of a complainant;

"(v) prolonged non-enforcement of a statute, with community acquiescence;

"(vi) reluctance of the victim to testify;

"(vii) cooperation of the accused in the apprehension or conviction of others;

"(viii) availability and likelihood of prosecution by another jurisdiction.

"(c) In making the decision to prosecute, the prosecutor should give no weight to the personal or political advantages or disadvantages which might be involved or to a desire to enhance his record of convictions.

it abundantly clear that, although, as we pointed out in *Kurkierewicz,* a prosecutor is not obligated to bring all possible charges merely because there is arguable evidence to convict, it is an abuse of discretion to charge when the evidence is clearly insufficient to support a conviction. It is also an abuse of discretion for a prosecutor to bring charges on counts of doubtful merit for the purpose of coercing a defendant to plead guilty to a less serious offense.

The American Bar Association Code of Professional Responsibility, which has been adopted by this court (43 Wis. 2d ix), sets forth the disciplinary rule:

"A public prosecutor or other government lawyer shall not institute or cause to be instituted criminal charges when he knows or it is obvious that the charges are not supported by probable cause." DR 7–103 (A), 43 Wis. 2d lxii.

Under the facts of this case, where it is conceded by the defendant that the evidence was sufficient, not only to charge but to convict, the prosecutor did not abuse his discretion or violate the ethics of the legal profession by bringing a charge of attempted first-degree murder. By so holding, we do not conclude, however, that the diversion of this defendant to a noncriminal mode of treatment might not have been a reasonable course to follow.

The American Bar Association *Standard* 3.8, relating to the prosecution function, charges a prosecutor with the responsibility of exploring:

"(d) In cases which involve a serious threat to the community, the prosecutor should not be deterred from prosecution by the fact that in his jurisdiction juries have tended to acquit persons accused of the particular kind of criminal act in question.

"(e) The prosecutor should not bring or seek charges greater in number or degree than he can reasonably support with evidence at trial."

"... the availability of non-criminal disposition, including programs of rehabilitation, formal or informal, in deciding whether to press criminal charges; especially in the case of a first offender, the nature of the offense may warrant non-criminal disposition."

The diversion of a case to noncriminal channels may in many instances substantially further the ends of justice. The commentary to *Standard* 3.8 points out that diversion properly employed has had substantial success in avoiding recidivism and that rehabilitation may, in some cases, be accomplished much more successfully by a diversion of a putative defendant and at far less cost than a substantial period of incarceration. Prosecutors are encouraged in the proper case to exercise their discretion to divert possible criminal defendants to noncriminal rehabilitative channels.

The decision to divert or to prosecute remains a discretionary one and, as stated in *Kurkierewicz*, that discretion ordinarily will not be set aside. A district attorney has at his command the investigative resources of the police and is able to familiarize himself with the personality and history of a prospective defendant and to appraise the likelihood that he can obtain rehabilitation by other than the criminal process.

The defendant at the time of this current conviction was fifty-two years old and had a criminal record dating back at least to 1942. From a review of that record and the sentences imposed, perhaps it could be concluded that ordinary incarceration in a penal institution had proved a failure and that a reasonable course would be to divert the defendant into a noncriminal mode of rehabilitation; but it could be said with equal conviction from the record that such rehabilitative influences of a therapeutic nature, such as Alcoholics Anonymous, had proved unsuccessful.

The situation posed here is typical of the many decisions that must be exercised by a prosecutor in the ambit

of his discretion. We pointed out in *Kurkierewicz* that a prosecutor, although subject to little control by other state officers of the decisions within his discretion, is nevertheless periodically answerable to the people. For a limited time he is the trustee of the public's law enforcement conscience. It is his duty to refrain from instituting criminal charges unconscionably or unnecessarily. In the exercise of that public conscience he is neither the puppet of the law enforcement authorities nor of the courts.

In the instant case, inasmuch as there was substantial evidence of probable cause and that evidence resulted in a conviction, we conclude that there was no abuse of discretion in the charging process.

*Sentencing discretion of trial judge.*

Before imposing sentence the trial judge commented extensively on the background of defendant and on his past criminal record. He had examined a presentence investigation report and the report of two psychiatrists. Included in the psychiatric reports were findings that the defendant had no mental defects which would render him unable to conform his conduct to the requirements of law or to appreciate the criminality of his acts. There was evidence in the report that he had frequently carried either a knife or a gun.

The trial judge stated the facts on which he predicated his sentence. Those facts were legally relevant in the imposition of the sentence and tended to show that this defendant required incarceration. On the basis of Thompson's entire social and psychiatric history and his record as a recidivist, it is apparent that the trial judge did not abuse his discretion in imposing sentence.

*By the Court.*—Judgment and order affirmed.