WAYNE F. MCGOWN, Deputy Secretary, Department of Transportation
You have requested my opinion as to whether it is proper for district attorneys, as a matter of policy, to prosecute under county ordinances rather than the statutes all actions involving traffic violations initiated by the State Patrol. It is my opinion that the implementation of this policy, applied generally and without consideration of the particular circumstances of each case, is a violation of the statutory duty of the district attorney and constitutes an abuse of prosecutorial discretion.
I. *Page 158 
In discussing the nature of the position and the duties of the district attorney, the court in State ex rel. Kurkierewicz v.Cannon (1968), 42 Wis.2d 368, 380, 166 N.W.2d 255, stated:
 ". . . that the position of district attorney, though constitutional, was not one of inherent powers, but was answerable to specific directions of the legislature. It appears settled, therefore, in Wisconsin at least, that the prosecutor is subject to the enactments of the legislature. . . .
 "While it is thus apparent that the district attorney is invested with great discretion and in the usual case can manage his office free from the overseership of the courts or the legislature, it is equally clear that the legislature may, if it desires, spell out the limits of the district attorney's discretion and can define the situations that will compel him to act in the performance of his legislatively prescribed duties."
In State v. Coubal (1945), 248 Wis. 247, 21 N.W.2d 381, the court, in discussing the role of the district attorney, held:
 "It is true that the district attorney is a quasi-judicial officer. This court has so held in the sense that it is his duty to administer justice rather than to obtain convictions. No one would deny that there are many instances in the performance of his duty in which he may be called upon to exercise discretion. All his duties are not ministerial. There is, however, no basis for holding that his duties in representing the state are not subordinate to legislative direction as to the cases in which he shall proceed. . . ."
As to the situation under discussion, the legislature has given both specific and general directions to the district attorneys.
Section 110.07 (1) (b), Stats., provides, in part:
 "All municipal justices, judges, district attorneys . . . shall assist in enforcing chs. 110, . . . 341 to 350 . . ."
Section 59.47, Stats., provides, in part:
"The district attorney shall:
 "(1) Prosecute . . . all actions . . . in the courts of his county in which the state or county is interested or a party; . . ." *Page 159 
The cases to which you refer are without question actions "in which the state" is both interested and, of necessity, a party. Members of the State Patrol, as complaining witnesses, do not have the authority to bring charges based on violations of county ordinances. 43 OAG 36 (1954). They are state officers with limited authority. See sec. 110.07, Stats. Therefore, actions based upon traffic violations and initiated by members of the State Patrol must be brought and proceed on behalf of the state.
Under secs. 59.47 and 110.07, it is the duty of the district attorney to represent the state in the matter of state traffic charges. While, as a quasi-judicial officer, he may exercise discretion as to whether the facts in a particular situation warrant prosecution of the particular charge, this discretion does not grant authority to act arbitrarily. Thompson v. State
(1973), 61 Wis.2d 325, 330, 212 N.W.2d 109. General policies guiding the exercise of prosecutorial discretion are desirable,American Bar Association, Standards for Criminal Justice Relatingto The Prosecution Function and The Defense Function, sec. 2.5 (Approved Draft 1970), but "by its very nature the exercise of discretion cannot be reduced to a formula." Id., sec. 3.9, Commentary a., p. 93. The present actions have nothing to do with discretion, but can only be described as wholesale refusal to comply with a statutory duty.
II.
I am advised that the policy to which you refer represents the reaction by the Wisconsin District Attorneys Association to certain policy changes affecting the compensation of district attorneys enacted by the legislature as part of the 1975-77 budget act, ch. 39, Laws of 1975. Under secs. 59.471 (1) and20.855 (2) (b), Stats. (1973), the annual salary of the district attorneys had been supplemented by the state in the amount of $4,500. This substantial salary supplement was repealed by the legislature in ch. 39, Laws of 1975.
Apparently in retaliation against this legislative action, the district attorneys in several counties have moved the court for an order "amending" the state traffic patrol citations to county ordinance citations. I have been further advised that on three separate occasions in three separate counties, approximately 250 such citations were so "amended" by the court on the motion of *Page 160 
the respective district attorneys. I further understand that in each instance, the state charges had not been contested.
It is unfortunate that the judges of the courts involved granted the motions to "amend." The motions of the district attorneys, which were premised on the refusal of the district attorney to prosecute state actions, did not constitute an amendment of state charges. Such motions can only be described as the voluntary dismissal of state charges and the attempt to bring new charges based, of course, on compatible county ordinance violations. The "amendment" dismissed the action of the state and purportedly instituted new proceedings on behalf of a new party plaintiff, i.e., the county. It is inconceivable how such action can be properly denominated as an amendment of the pleadings.
I assume that new citations and complaints were not prepared after motions to amend were granted; that, at most, docket entries were made to reflect the granting of the district attorneys' motions. If this is so, the court files reflect new and entirely different actions without the proper pleadings or complaining witnesses.
It is my opinion that a complaint issued by a state patrol officer under sec. 345.11, Stats., cannot be amended so as to substitute parties plaintiff and change state charges to county charges; that such action constitutes a dismissal of the state action and the institution of new county charges on behalf of a new party plaintiff. Accordingly, in my opinion, the "amendment" was improper and should not have been allowed by the court.
The penalty for most state traffic violations is a forfeiture. The proceeds from such forfeitures are appropriated by Art. X, sec. 2, Wis. Const., to the state school fund. On the other hand, the proceeds from forfeitures collected for violation of county ordinances are, under sec. 288.105, Stats., paid to the county. Accordingly, the action of changing the uncontested violations from state charges to county charges, if valid, would result in the state school fund losing substantial sums.
District attorneys may not properly refuse to prosecute state traffic charges merely to secure a diversion of the fine proceeds from the state school fund to the county treasuries. While, under the circumstances noted before, such a result may have personal *Page 161 
and political advantages for the district attorney, it is improper to exercise prosecutorial discretion to secure such advantages.
 "In making the decision to prosecute, the prosecutor should give no weight to the personal or political advantages or disadvantages which might be involved . . ." American Bar Association, Standards Relating to The Prosecution Function and The Defense Function, sec. 3.9 (c) (Approved Draft 1970), cited with approval; Thompson v. State (1973), 61 Wis.2d 325, 329 n. 1, 212 N.W.2d 109.
It is my opinion that the described actions of the district attorneys were improper and constitute both a neglect of their statutory duty to represent the state and an abuse of prosecutorial discretion.
BCL:CAB