VIRGINIA B. HART, Chairman
JOHN C. ZINOS, Commissioner Department of Industry, Labor andHuman Relations
You have requested my opinion on two questions concerning the powers of the Commission of the Department of Industry, Labor and Human Relations under the Wisconsin Fair Employment Practices Act, Stats. 111.31 et seq. *Page 29 
You first ask whether it is permissible for the Department to approve or otherwise be a party to a settlement agreement which provides the complainant with a financial settlement which is less than the total back pay liability (minus the statutory setoffs contained in sec. 111.36 (3)(b), Stats.) of the respondent at the time the agreement is made.
A state agency such as the Department has only those powers which are either expressly conferred by law or which are necessarily implied.
Where a complaint charging discrimination or discriminatory practices in a particular case has been received by the Department, and assuming the Department finds probable cause to believe that discrimination has been or is being committed, the statutes establish certain procedures and confer certain powers to eliminate the discrimination and resolve the dispute. Section111.36 (3) (a), Stats., provides in part:
 "(3)(a) If the department finds probable cause to believe that any discrimination has been or is being committed, it shall immediately endeavor to eliminate the practice by conference, conciliation or persuasion
. . . ." (Emphasis added.)
The "conference, conciliation, or persuasion" provision is a mandatory preliminary procedure in proceedings by the Department where a complainant has alleged discrimination or discriminatory practices. See Watkins v. ILHR Department, 69 Wis.2d 782, 789-793,233 N.W.2d 360 (1975); Murphy v. Industrial Comm., 37 Wis.2d 704,711, 155 N.W.2d 545, 157 N.W.2d 568 (1968). The "conciliation" requirement also reflects the overriding legislative intent to effect the elimination of discrimination and thus better serve the public policy declared by the Fair Employment Practices Act by peaceful persuasion and mutual assent whenever practicable. See Ross v. Ebert, 275 Wis. 523, 529,82 N.W.2d 315 (1957); Watkins, supra; Murphy, supra. Because the Act clearly favors this policy of peaceful settlement, I believe the Department can approve or be party to an agreement which will effect the elimination of alleged discrimination or unlawful discriminatory practices at any stage in the proceeding. However, where a settlement agreement eliminates the discrimination or discriminatory practice, there is no authority to proceed further since such agreement constitutes conciliation. Watkins v. ILHRDepartment, supra. It follows that the Department *Page 30 
must determine on the facts in each case whether full back pay is needed to eliminate the discrimination.
It is my opinion that the Department may approve a mutual agreement by the parties of a financial settlement which is less than the total back pay liability as long as the Department concludes that the agreement will effect the elimination of any unlawful practice or act, and will effectuate the purposes of the Fair Employment Act.
In your second question you ask:
 "In the event that parties to a complaint filed with the Department enter into an agreement to settle the claim without Department approval, may we continue to proceed against the employer under Wis. Stats. 111.31 et seq?"
The principle objective of the Wisconsin Fair Employment Practices Act is the elimination of discrimination in employment. To accomplish that objective, the Department has been granted certain powers, including the power to "receive and investigate complaints charging discrimination or discriminatory practices in particular cases." Sec. 111.36 (1), Stats.
The statutes, principally sec. 111.36, Stats., set forth a number of specific powers designed to aid the Department in its investigation of such complaints. These statutory provisions clearly place the primary responsibility for securing the elimination of discrimination upon the Department. The primary effect of the original complaint is to set in motion the machinery for an inquiry by the Department.
At the preliminary stages, it is the Department that has the responsibility to endeavor to eliminate the practice by conference, conciliation or persuasion. Where such attempts to eliminate the discrimination fail, the Department prepares the notice of hearing which sets forth the allegations of discrimination which the respondent must answer. The Department is empowered to make written findings and order appropriate remedies where it finds after hearing that the respondent has engaged in discrimination. Sec. 111.36, Stats. Thereafter, any person aggrieved by non-compliance with the Department's order may have it enforced specifically by suit in equity. The Department can also seek enforcement of its orders as provided in ch. 101, Stats. Sec. 111.36 (3)(C), Stats. *Page 31 
These statutory provisions imply that the Department may proceed against the employer even where parties to the complaint filed with the Department have withdrawn.
In fact the power to proceed may be essential to effectuate the purposes of the Act where the original complaint alleges a pattern of practice that constitutes unlawful discrimination, either historical or ongoing, against more than one person.
It is, therefore, my opinion that the Department's authority to proceed against the employer is not terminated when the original complainant and the respondent reach a settlement agreement that does not eliminate the discriminatory practice. The question of what will eliminate the "practice of discrimination" is a matter for the Department to determine on a case-by-case basis within its discretion.
BCL:JN