FRED A. RISSER, Chairperson Senate Organization Committee
On behalf of the Senate Organization Committee, you have asked whether Public Service Commission Chairman Charles Thompson's business interests violate section 15.06 (3)(a), Stats., which provides: "A commissioner may not hold any other office or position of profit or pursue any other business or vocation, but shall devote his or her entire time to the duties of his or her office."
According to information provided by Commissioner Thompson, he has relinquished all offices in his family corporations and has been removed from all payroll accounts maintained by those corporations. He continues to receive income from the family businesses and remains a partner in a family partnership. The partnership pays rent to Mr. Thompson, but Mr. Thompson's daughter is the general manager and manages the daily affairs of the partnership.
Section 15.06 (3)(a) first prohibits a commissioner from holding any other office or position of profit without defining those terms and without even distinguishing between private and public offices and positions. Our supreme court has held that an "office of trust, profit or honor" means a public office. Martinv. Smith, 239 Wis. 314, I N.W.2d 163 (1941). That part of article VI, section 4 of the Wisconsin Constitution which provides that "sheriffs shall hold no other office" has been interpreted as applying only to the holding of a second public office. 40 Op. Att'y Gen. 163, 166 (1951). The history of the statute itself is of little assistance. Section 15.06 was created as part of the Kellett reorganization of 1967. The phrase "other office or position of profit" appears to have been taken from section 195.01 (4) concerning public service commissioners. Other statutes preceding the reorganization prohibited Wisconsin Employment Relations commissioners from "engaging in any other *Page 37 
business, vocation or employment," section 111.03, Stats. (1965), or required other commissioners to devote full-time to their duties. Sec. 220.02 (1), Stats. (1965), and sec. 215.02
(6), Stats. (1965). The statute concerning the insurance commissioner, on the other hand, read: "Such commissioner shall devote his entire time to the duties of the office, and shall not hold any position of trust or profit . . . ." Sec. 200.01 (2), Stats. (1965). A search of the legislation's history at the Legislative Reference Bureau revealed no explanation for choosing the phrase "office or position of profit."
The best, because it is the only, indication of legislative intent is a 1969 law which amended section 15.06 (3)(a) and created section 15.06 (3)(b), to provide: "[T]he commissioner of insurance shall not engage in any other occupation, business or activity that is in any way inconsistent with the performance of his duties as commissioner, nor shall he hold any other public office." The Legislature's use of the modifier "public" in section 15.06 (3)(b) seems to be a legislative recognition of the difference between "office" and "public office." The comment to the law creating section 15.06 (3)(b), rather than reflecting this clarity of legislative insight, however, only compounds the confusion. Ch. 337. sec. 4, Laws of 1969.
In that comment, the drafters of the amendment state the intent as making the requirements applicable to the commissioner of insurance less rigid than the original section 15.06 (3). The comment concludes, however, that other work would be forbidden to the commissioner either because of its demands on his time and energies or because of conflict of interest and refers to paragraph (a) as forbidding the commissioner from doing other work. But the amendment, if it does anything clearly at all, most certainly exempts commissioners of insurance from the strictures of section 15.06 (3)(a) by stating in that paragraph: "This paragraph does not apply to the commissioner of insurance nor to the members, except the chairman, of the tax appeals commission."
I must conclude that the authors of the comment to chapter 337, section 4, Laws of 1969, were confused, but we should not ascribe the authors' confusion to the Legislature. As amended, the statute on its face distinguishes between "office" and "public office." I must conclude that the preferred interpretation of "office" includes private office. This interpretation is also consistent with the Legislature's recognition that the prohibition in section 15.06 (3) is very broad. *Page 38 
Having concluded that "office" includes private offices, I must also conclude that "position" includes private positions because the statute makes no attempt to distinguish between the two on the basis of whether they are private or public. Our supreme court, in the context of discussing who is a public officer, has distinguished an officer from an employe, holding that an officer holds an office of trust, profit or honor and an employe holds a position. Martin v. Smith, 239 Wis. at 333; Sieb v. Racine,176 Wis. 617, 624, 187 N.W. 989 (1922); Hall v. State, 39 Wis. 79, 86
(1875), rev'd, 103 U.S. 5 (1880). I interpret the phrase "position of profit" in section 15.06 (3)(a) as synonymous with employment, public or private. The first phrase of section 15.06
(3)(a), therefore, prohibits a commissioner from holding a private or public office of profit, or a public or private position of profit.
The statute also provides that a commissioner shall not "pursue any other business or vocation, but shall devote his or her entire time to the duties of his or her office." I interpret the phase "shall devote his or her entire time to the duties of his or her office" as summarizing the preceding prohibitions, not adding to them. I interpret the word "but," therefore, in the sense of "on the contrary." I adopt this interpretation because of the context and because I conclude that the prohibition against pursuing any other business or vocation is the equivalent of a requirement to devote full-time to the duties of the office.
The prohibition against pursuing any other business or vocation is not an absolute prohibition against having any other business interests. If it were, section 15.79, which prohibits public service commissioners from having any financial interests in a railroad or public utility, would be superfluous. That construction of the statute, therefore, must be avoided. GreenBay Broadcasting v. Green Bay Authority, 116 Wis.2d 1,342 N.W.2d 27 (1983), modified, 119 Wis.2d 251, 349 N.W.2d 478
(1984). This interpretation is also consistent with predecessor statutes which imposed a full-time requirement but did not prohibit all business interests. E.g., secs. 111.03, Stats.,220.02 (1), Stats. and 215.02 (6), Stats. (1965). The statute is titled "[f]ull-time offices." Although the title is not part of the statute it can be persuasive of the interpretation to be given that statute. Sec. 990.001 (6), Stats. Pure Milk ProductsCoop. v. NFO, 64 Wis.2d 241 219 N.W.2d 564 (1974). *Page 39 
Our supreme court has not had occasion to interpret the "full-time" requirement for public officers. In a similar context, our court held that an agreement requiring a corporate officer "to give his full time to the company's service" did not require twenty-four hours a day of an employe's time or even every moment of his waking hours. It stated that the agreement "undoubtedly does require that he shall make that employment his business, to the exclusion of the conduct of another business such as usually calls for the substantial part of a manager's time or attention."Johnson v. Stoughton Wagon Co., 118 Wis. 438, 446-47, 95 N.W. 394
(1903). The court specifically held that persons working under such agreements could seek and make investments of their private funds as long as they did not "trespass substantially" upon the ordinary business hours.
The Arizona Supreme Court reached a similar conclusion when interpreting Arizona's law which prohibited a commissioner from engaging in any occupation or business other than his duties as a commissioner.
 This is not a prohibition against a commissioner owning a business or having an occupation. It would hardly be possible to find a person fit for the position of commissioner who had no business or occupation, and one could hardly imagine a governor who would appoint such a person. If the appointee to the office of commissioner is, for instance, a carpenter, he would not be required to sell his tools or refrain from repairing his home at odd times or of evenings. If he were a builder or architect, we can see no reason why he could not incorporate his business and employ others to carry it on. And if he should advise its managers and agents on holidays, Sundays and at times when his official duties did not require his attention, he would not be engaged in the occupation or business of a builder or architect. To "engage in any occupation or business" . . . as that phrase is here used, we think means that the person is giving time, energy and attention to his own affairs that rightfully belong to the state. An occasional reversion to his occupation, trade, business or professional for the purpose of preserving and keeping it for himself and his family when he no longer is an officer is not engaging in an occupation or business in the sense intended by the legislature to be forbidden.
Holmes v. Osborn, 57 Ariz. 522, 115 P.2d 775 (1941). *Page 40 
The comment to chapter 337, Laws of 1969, notes that on some questions, "no more can be done than to state a general principle which, in its nature, can only be enforced in egregious cases but which can nevertheless provide a useful standard for the commissioner and for public opinion." That is all that is possible here. This office cannot decide the factual issues which would form the basis for any conclusion that Commissioner Thompson is in violation of section 15.06 (3). The attorney general has no authority to decide questions of fact, nor can his judgment be substituted for the discretion vested in another state officer. 40 Op. Att'y Gen. 3, 4 (1951).
It is not possible to delineate with any certainty when a commissioner is actively pursuing another business or vocation. No one would suggest that a commissioner who merely collects interest on savings accounts or dividends from stocks, even if the amount is sizable, is pursuing a business or a vocation. Most people would agree, however, that someone who is actively managing a sizable portfolio of stocks and bonds is pursuing a business or vocation. The requirement that an officer devote his or her "entire time" to the office has been interpreted to mean the entire time necessary to faithfully perform the duties of the office. Miller v. Walley, 122 Miss. 521, 84 So. 466 (1920); Statev. Cumpton, 362 Mo. 199, 240 S.W.2d 877 (1951); 40 Op. Att'y Gen. 163 (1951). Whether Commissioner Thompson or any other commissioner subject to section 15.06 (3) is devoting his or her "entire time" or "full-time" to the office is a question that must be answered in the first instance by the commissioner himself or herself and in the final instance by the authority with the power to remove the commissioner.
If the Governor believes a commissioner is neglecting his or her official duties, whether that neglect is caused by pursuit of personal business or anything else, that neglect would be cause for the Governor to remove the commissioner under section 17.07
(3). Moses v. Board of Veterans Affairs, 80 Wis.2d 411,259 N.W.2d 102 (1977). Because commissioners are appointive state officers, they would also be subject to interpellation under section 13.28 and removal under section 13.30 by joint resolution.
In this case, given the opacity of the statute and the information you have provided, I cannot conclude that Chairman Thompson's business interests violate section 15.06 (3)(a). If more specific standards or guidelines are deemed desirable or necessary, I recommend that the Legislature consider clarifying section 15.06 (3)(a) so as to *Page 41 
provide further guidance to the appointing authority and to commissioners in the conduct of their business interests.
DJH:AL *Page 42