GEORGE E. RICE, Acting Corporation Counsel Milwaukee County
You ask two questions concerning the procedure for letting public works contracts involving the expenditure of budgeted county funds for museum and zoological operations in Milwaukee County.
Your first question may be restated as follows:
Under existing statutes and ordinances, do the Milwaukee County Museum Board of Trustees and the Milwaukee County Zoological Board of Trustees have the exclusive authority to award contracts for public works projects within their respective supervisory functions?
I decline to answer this question since it turns exclusively upon the meaning of local ordinances.
According to the information you have submitted, the Milwaukee County Museum Board of Trustees ("museum board") and the Milwaukee County Zoological Board of Trustees ("zoological board") are not referenced in the statutes but rather were established by the Milwaukee County board of supervisors to oversee museum and zoological department operations, respectively.
The museum board is in charge of the operations of the public museum acquired from the City of Milwaukee. Milwaukee County Ordinances, section 89.02. It consists of eleven members appointed by the county executive and confirmed by the county board, two of whom must be county board supervisors and nine of whom are citizen members who may not have any affiliation with the county. Milwaukee County Ordinances, section 89.02. Insofar as relevant to your inquiry, the powers of the museum board are as follows: *Page 121 
 Duties. Subject to the general supervision of the County Board of Supervisors and to such regulations as it may prescribe, the Museum Board of Trustees shall have charge of the operation and maintenance of the public museum acquired by the County from the City of Milwaukee, and any additions or improvements to such museum. It shall control the receipt, selection, arrangement and disposition of the specimens and objects pertaining to such museum. It shall prescribe regulations for the management, care and use of the institution and shall adopt such measures as shall promote the public utility thereof.
 It may accept in the name of the County any bequests or gifts for the purpose of said museum, which gifts or bequests, unless otherwise requested by the donor, shall be under the management and control of the Museum Board of Trustees.
Milwaukee County Ordinances, section 89.02.
The zoological board oversees the zoological department which is headed by an executive director and which operates the zoo and the surrounding zoological gardens. Milwaukee County Ordinances, sections 50.01-50.03. It consists of eight members, one of whom is an ex-officio nonvoting member chosen from the committee on parks, recreation and culture and seven of whom are citizen members appointed by the county executive and confirmed by the county board. Milwaukee County Ordinances, section 50.02. Insofar as relevant to your inquiry, according to sections 59.03 and59.04 of the Milwaukee County Ordinances, the powers of the zoological director and the zoological board are as follows:
 50.03 Powers, duties of the Zoological Director. Subject to the executive authority of the County Executive [and] overall policies promulgated by the County Board of Supervisors, the Zoological Director shall have general, authority and responsibility to include the following:
. . . .
 3) With approval of the Board of Trustees, contract and arrange for planning, designing and construction of new exhibits and other capital improvements within the Zoological Park, with other branches of County Government or private firms, as provided by Milwaukee County Purchasing Ordinances and County Procedures. *Page 122 
 4) Contract, when necessary, for all other work and materials in the maintenance and operation of the Zoological Gardens with other branches of County Government or with private firms as provided by the Milwaukee County Ordinances and County procedures. Except for emergency maintenance repairs the Director shall inform the Board of Trustees of the need for major maintenance and secure their prior approval.
. . . .
 7) Carry out all decisions made by the Zoological Board of Trustees concerning the expenditure of all funds, bequests and gifts as described in Section 50.04(2) of this ordinance.
 8) Prepare, under the guidance of the Board of Trustees, and annually submit a budget to the County Executive; which, after adoption by the County Board, shall serve as a plan for expenditures during the succeeding year.
 50.04 Powers and duties of the Zoological Board of Trustees. The Zoological Board of Trustees shall have general authority and responsibility to:
. . . .
2. Administer and control:
a) The Zoo Railroad Fund . . . .
b) The Zoo Specimen Fund, and
c) Other Trust Funds
 d) . . . The Board of Trustees shall, in consultation with the Zoological Society of Milwaukee County, make all decisions concerning the use thereof, subject to general supervision of the County Board. Said Board may also, in the name of Milwaukee County, accept and administer any and all additional bequests and gifts of other funds or monies made for the support or improvement of the Zoological Gardens, including any funds derived from the sale of surplus animals.
. . . .
 3. Make policy recommendations to the Zoological Director concerning the operation of the Gardens, and plans for future capital improvements. *Page 123 
 4. Review and advise the Zoological Director on the proposed annual budget to be submitted to the County Executive.
Because the museum board and the zoological board are not referenced in the statutes and because there is no general statute automatically empowering such kinds of boards to award public works contracts, their existing authority can be determined only by reference to local ordinances. In response to an opinion request from the county board, you have already opined that these ordinances do not empower the museum board and the zoological board to award public works contracts.
In 76 Op. Att'y Gen. 60, 64 (1987), I declined to decide whether a town's ordinance violated state law because "such a judgment would require a factual analysis as to how the town's ordinance operates in actual practice." More recently, I indicated that "[t]he attorney general has no authority to decide questions of fact, nor can his judgment be substituted for the discretion vested in another state officer. 40 Op. Att'y Gen. 3, 4 (1951)." 77 Op. Att'y Gen. 36, 40 (1988). See also 68 Op. Att'y Gen. 416, 421 (1979). Although the meaning of a county ordinance presents a question of law rather than a question of fact, the facts and documents necessary to ascertain the meaning of any municipal ordinance are or should be readily available to that municipality's attorney. And, as a public officer, it is the function of the municipal attorney to provide legal advice concerning the meaning of the ordinances enacted by that municipality.
For the policy reasons expressed in 77 Op. Att'y Gen. at 40 and in 76 Op. Att'y Gen. at 64, I decline to offer any opinion concerning the meaning or intent of the quoted ordinances.[1] I am also taking this opportunity to advise state and local officials that, except in extraordinary circumstances, the attorney general will not issue opinions concerning the meaning or intent of municipal ordinances.
Your second question may be restated as follows:
May the exclusive authority to approve such contracts for budgeted public works projects be delegated by the county board to the museum board or the zoological board? *Page 124 
In my opinion, the answer is no.
In 74 Op. Att'y Gen. 228, 230-31 (1985), I indicated that, within certain statutory limitations, section 59.06(1), Stats., permits a county board to delegate the power to approve various kinds of transactions to its standing committees, provided that the delegation contains sufficient standards. However, section59.06(1) applies only to "committees [selected] from the members of the board." Since the museum board and the zoological board consist primarily of citizen members and are not county board committees, it is unnecessary for me to decide whether section59.06(1) may be used to delegate the authority to award public works contracts under the facts presented by your inquiry.
In order for the kind of delegation you describe to be permissible, it must be authorized under the express terms of section 59.08, which provides in part as follows:
 Public work, how done; public emergencies. (1) All public work, including any contract for the construction, repair, remodeling or improvement of any public work, building, or furnishing of supplies or material of any kind where the estimated cost of such work will exceed $20,000 shall be let by contract to the lowest responsible bidder. Any public work, the estimated cost of which does not exceed $20,000, shall be let as the board may direct. If the estimated cost of any public work is between $5,000 and $20,000, the board shall give a class 1 notice under ch. 985 before it contracts for the work or shall contract with a person qualified as a bidder under s. 66.29(2). A contract, the estimated cost of which exceeds $20,000, shall be let and entered into under s. 66.29, except that the board may by a three-fourths vote of all the members entitled to a seat provide that any class of public work or any part thereof may be done directly by the county without submitting the same for bids. This section does not apply to highway contracts which the county highway committee or the county highway commissioner is authorized by law to let or make.
The underscored language was inserted by 1983 Wisconsin Act 260. The word "it" in the phrase "it contracts" which is contained in the third sentence of section 59.08(1) (the second complete sentence of the insertion) appears unambiguously to refer to the antecedent "board," which can only mean the county board. However, *Page 125 
it can be argued that the phrase "shall be let as the board may direct," which is contained in the preceding sentence, was intended to permit the county board to delegate the authority to approve public works contracts, at least where the estimated cost of the contract is less than $20,000.
Since the statute is ambiguous, I have examined its legislative history. 74 Op. Att'y Gen. at 233. See State Historical Societyv. Maple Bluff, 112 Wis.2d 246, 252-53, 332 N.W.2d 792 (1983). 1983 Wisconsin Act 260(intro.) provides as follows: "AN ACT toamend 59.08 (1) of the statutes, relating to the size of a county public work contract which can be let without advertising for bids." In light of this introductory language, it is my opinion that the phrase "shall be let as the board may direct" refers to the procedure for soliciting bids and does not constitute express authority for the board to delegate the power to accept such bids.
I, therefore, conclude that the county board may not delegate the exclusive authority to approve contracts for budgeted public works projects to the museum board or to the zoological board.
DJH:FTC
[1] To the extent, if any, that your opinion to the county board was influenced by state law issues, you do, of course, remain free to reconsider your opinion in light of my response to your second question. *Page 126