STATE of Wisconsin, Plaintiff-Respondent,

v.

Gregory L. EISENBERG, Defendant-Appellant.

Court of Appeals

*No. 88-2335-CR. Submitted on briefs April 24, 1989.—Decided May 24, 1989.*

(Also reported in 443 N.W.2d 328.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard J. Smith* of Wauwatosa.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J. Dennis Thornton,* district attorney for Washington county, and *Margaret A. Schauer,* assistant district attorney.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The issue raised is whether a person who operates a motor vehicle outside the restrictions of an occupational license may be charged with and convicted of operating after revocation under sec. 343.44(1), Stats. We conclude that such a charge is within the prosecutor's discretion and affirm.

The facts are undisputed. Gregory L. Eisenberg previously had his regular operating privileges revoked. He obtained an occupational license which allowed him to operate a vehicle only during certain times on all days

except Sunday, only in Milwaukee and Waukesha counties, and only in pursuit of his occupation. On Sunday, December 20, 1987, Eisenberg was stopped in Washington county for speeding. At the time, he was engaged in nonbusiness, recreational pursuits.

Eisenberg was charged with operating after revocation (third offense) under sec. 343.44(1), (2)(c), Stats. Eisenberg unsuccessfully moved to have the charge either dismissed or amended to violating occupational license restrictions contrary to sec. 343.10(6), Stats. Following trial to the court, he again moved to amend the charge to conform to the proof.[1] This motion was also denied, and Eisenberg was found guilty of operating after revocation.

Eisenberg argues on appeal that secs. 343.44 and 343.10, Stats., when read *in pari materia,* preclude someone with an occupational license from being found guilty of operating after revocation. He also points to the rule of statutory construction which requires that a specific statutory provision prevail over a more general provision. *See State v. Duffy,* 54 Wis. 2d 61, 64, 194 N.W.2d 624, 626 (1972). Finally, Eisenberg argues that, because drivers who seek occupational licenses must meet several requirements relating to financial responsibility, etc., they present less risk and more protection to other persons when they violate the restrictions of their occupational licenses. Ostensibly, the point of this last argument is that such drivers should thus be charged with the lesser offense of sec. 343.10(6).

The state's response is based on the broad discretion given to prosecutors. *See, e.g., Harris v. State,* 78

---

[1] The state does not argue on appeal that such a motion cannot be made by a defendant. We therefore decide this case on the substantive issue, noting that a motion to dismiss was probably the more correct procedure.

Wis. 2d 357, 368, 254 N.W.2d 291, 297 (1977). It also points to cases wherein a particular set of facts could form the basis for different offenses, and the prosecutor's charging discretion was upheld. *See State v. Karpinski,* 92 Wis. 2d 599, 616-17, 285 N.W.2d 729, 738-39 (1979); *Thompson v. State,* 61 Wis. 2d 325, 330-32, 212 N.W.2d 109, 112 (1973). Lastly, the state cites sec. 939.65, Stats., which reads: "If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

When, as here, facts are undisputed, we treat the issue as a question of law. *State v. Price,* 111 Wis. 2d 366, 373, 330 N.W.2d 779, 784 (Ct. App. 1983). Our review is therefore *de novo.*

Eisenberg does not argue that his actions fall outside the scope of sec. 343.44(1), Stats. That statute reads:

> No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial responsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state. No person whose regular license has been duly revoked or suspended pursuant to the laws of this state, but whose chauffeur's license is still valid, shall operate a motor vehicle upon any highway in this state other than as a chauffeur before he has obtained a new license or has had his license reinstated under the laws of this state.

Here, although Eisenberg has certain operating privileges during specified times, he has no operating privi-

leges when he operates outside the limits of his occupational license. Therefore, the circumstances of his operation on December 20, 1987, constitute a violation of the above statute.

We agree with the state that, in such a situation, the prosecutor is vested with the discretion to decide which violation will be charged. *See Thompson,* 61 Wis. 2d at 332, 212 N.W.2d at 112. This is true even when the legislature enacts a more specific statute, yet the prosecutor charges under a more general statute. *See State v. Tolliver,* 149 Wis. 2d 166, 173–74, 440 N.W.2d 571, 574 (Ct. App. 1989).

In *Tolliver,* the defendant was charged with forgery under sec. 943.38(2), Stats. He argued that the enactment of sec. 943.41(5)(c), Stats., prohibiting the deposit of a stolen or forged instrument by means of an automated financial service facility, precluded application of the forgery statute to his case. *Tolliver,* 149 Wis. 2d at 173, 440 N.W.2d at 574. The court of appeals rejected this argument, stating that if the defendant's act is a violation of both statutes, "the prosecutor could at least select one charge or the other in the proper exercise of discretion." *Id.*

Neither do we consider Eisenberg's argument persuasive that such a reading of secs. 343.44(1) and 343.10(6), Stats., renders the latter superfluous. The prosecutor may still choose to use the lesser penalties of sec. 343.10(6) for situations where only a minor violation of the occupational license restrictions is found, *e.g.,* operating later than the specified time but for business purposes.

Eisenberg's attempt to justify exclusive use of the lesser penalties of sec. 343.10(6), Stats., on the basis of a risk analysis is unsubstantiated by authority. If the legislature intended sec. 343.10(6) to provide the only penalties applicable to holders of occupational licenses, it could have done so. Furthermore, we observe that an occupational license holder who operates on a nonpermitted day, for a nonpermitted purpose, in a nonpermitted county and in excess of the speed limit may present more of a risk than a person without any valid license who drives a few blocks down the street to get groceries.

The trial court committed no error by denying Eisenberg's motion to dismiss or the motions to amend the charge of operating after revocation to violating occupational license restrictions. Accordingly, the judgment of conviction is affirmed.

*By the Court.*—Judgment affirmed.