DEBRA L. WOJTOWSKI, Corporation Counsel Pierce County
You ask whether a county human services board may delegate the duties described in section 51.437 (9)(am), (b), (e) and (g), Stats., to the county long-term support planning committee created by section 46.27 (4).
In my opinion, the answer is no
The duties of the long-term support planning committee are specified in section 46.27 (4), which provides as follows:
 PLANNING COMMITTEE. (a) The county board of supervisors shall select the county long-term support planning committee, which shall include at a minimum the following members:
 1. At least 5 persons receiving long-term community support services, each of whom represents one of the following groups:
a. Elderly persons;
b. Physically disabled persons;
c. Developmentally disabled persons;
d. Chronically mentally ill persons;
e. Chemically dependent persons;
2. Two elected county officials;
3. One county health representative;
 4. One representative of the county department under s. 46.215 or 46.22; *Page 159 
 5. One representative of the county department under s. 51.42 or 51.437; and
 6. One representative of the county commission on aging.
 (c) The planning committee shall develop a community options plan for participation in the program. The plan shall include:
 1. A description of the county's proposed program, including the estimated numbers of persons to be assessed and the procedures to be used in performing assessments.
 2. A description of the services available and the services to be developed or expanded as alternatives to institutional care under this program.
 3. A description of the procedures to be used to coordinate the program with other county agencies, hospitals, nursing homes and providers of community support services.
 4. A description of the method to be used to coordinate the use of funds received under this program with the use of other funds allocated to the county under ss. 46.80 (5), 46.85 (3m)(b)1 and 2 and 49.52 (1)(d) and to county departments under s. 51.423.
 5. A description of the method to be used by the committee to monitor the implementation of the program.
 6. A description of outreach procedures to be used to ensure that significant numbers of people from each group listed in sub. (3)(e) will be served by the program.
 7. A description of services and programs to be provided to meet the needs of persons with Alzheimer's disease.
In 77 Op. Att'y Gen. 120, 124 (1988), I indicated that within certain statutory limitations, section 59.06 (1) permits a county board to delegate certain powers to its constituent committees. In that same opinion, however, I concluded that the provisions of *Page 160 
section 59.06 (1) could not be utilized "[s]ince the museum board and the zoological board consist primarily of citizen members and are not county board committees. . . ." As section 46.27 (4)(a) plainly indicates, the long-term support planning committee also consists primarily of citizen members and is not a committee of the county board. It is therefore unnecessary for me to determine whether the provisions of section 59.06 (1) may be utilized under the facts presented by your inquiry.
Although not expressly stated in 77 Op. Att'y Gen. 120, the discussion contained in that opinion at 124 indicates that express statutory authority is ordinarily required in order for a delegation of powers by a county board, a county board committee or a county committee or board containing citizen members to be permissible. Since your county has a human services department, by operation of section 46.23 (3)(b)1.c., the following powers relating to developmental disabilities which form the subject of your inquiry reside with your county's human services board:
 (am) Prepare a local plan which includes an inventory of all existing resources, identifies needed new resources and services and contains a plan for meeting the needs of developmentally disabled individuals based upon the services designated under sub. (1). The plan shall also include the establishment of long-range goals and intermediate-range plans, detailing priorities and estimated costs and providing for coordination of local services and continuity of care.
 (b) Assist in arranging cooperative working agreements with other health, educational, vocational and welfare services, public or private, and with other related agencies.
 . . . . (e) Appoint committees consisting of residents of the county to advise the county developmental disabilities services board as it deems necessary. *Page 161 
. . . .
 (g) Determine, subject to the approval of the county board of supervisors in a county with a single-county department of developmental disabilities services or the county boards of supervisors in counties with a multicounty department of developmental disabilities services and with the advice of county developmental disabilities services director appointed under par. (a), whether services are to be provided directly by the county department of developmental disabilities services or contracted for with other providers and make such contracts. The county board of supervisors in a county with a single-county department of developmental disabilities services or the county boards of supervisors in counties with a multicounty department of developmental disabilities services may elect to require the approval of any such contract by the county board of supervisors in a county with a single-county department of developmental disabilities services or the county boards of supervisors in counties with a multicounty department of developmental disabilities services.
Sec. 51.437 (9), Stats.
The powers of a county human services board in a county without a county executive or a county administrator are listed in section 46.23 (5). That list is lengthy and does include the power to "appoint advisory committees for the purpose of receiving community, professional or technical information concerning particular policy considerations." Sec. 46.23 (5)(g), Stats. The establishment of such an advisory committee could conceivably address some of the concerns raised by your inquiry.
The power to delegate, however, is mentioned only in section46.23 (5), which refers to delegation of certain policy decisions by the secretary of the state department of health and social services to the county human services board. Nowhere in section46.23 (5) did the Legislature grant statutory authority to county human services boards to delegate their powers to statutory advisory *Page 162 
committees such as the long-term support planning committee. Since express statutory authority to do so is not present, I therefore conclude that a county human services board may not delegate the duties described in section 51.437 (9)(am), (b), (e) and (g) to the long-term support planning committee created by section 46.27 (4).
DJH:FTC *Page 163