DARWIN L. ZWIEG, District Attorney Clark County
You ask two questions related to your duties under section778.12, Stats. One of your questions may be broadly restated as follows: What is the extent of a district attorney's obligation to prosecute town forfeiture actions at the request of a town chairman under section 778.12?
It is my opinion that, while a district attorney is statutorily required to exercise his or her discretion upon receipt of such a request in a manner that comports with the purpose of the statute, a district attorney retains limited prosecutorial discretion under section 778.12.
Section 778.12 provides as follows:
 Duty of district attorney. The town chairman shall forthwith notify the district attorney of the county of every forfeiture which he or she knows, has reason to believe or which he or she has been so informed has been incurred in the town, which cannot be recovered before a municipal court, who shall forthwith cause an action to be commenced for the recovery thereof as well as for the recovery of every forfeiture which he or she otherwise knows or has reason to believe has been incurred; and the district attorney shall attend to and conduct any action so commenced by the chairman, when requested by him or her so to do.
A district attorney's obligations under section 778.12 are briefly summarized in 57 OP. Att'y Gen. 198 (1968) and 20 OP. Att'y Gen. 256 (1931). Those duties are "limited to an attempt to collect the forfeiture" in circumstances where an action to collect a forfeiture cannot be prosecuted in a municipal court somewhere *Page 167 
within the county. 57 Op. Att'y Gen. at 199. See section 755.05
which provides that "[e]very [municipal] judge has countywide jurisdiction." There is no statutory requirement that a district attorney engage in post judgment collection activity after a judgment for a municipal forfeiture is obtained.
Absent any legislation, the scope of a district attorney's prosecutorial discretion is described in Thompson v. State,61 Wis.2d 325, 328-32, 212 N.W.2d 109 (1973). In the criminal context, that discretion has been summarized in the following fashion:
 It is clear that in his functions as a prosecutor he has great discretion in determining whether or not to prosecute. There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial. In general, the district attorney is not answerable to any other officer of the state in respect to the manner in which he exercises those powers.
State ex rel. Kurkierewicz v. Cannon, 42 Wis.2d 368, 378,166 N.W.2d 255 (1969). But Kurkierewicz, 42 Wis.2d at 380, also indicates that "it is equally clear that the legislature may, if it desires, spell out the limits of the district attorney's discretion and can define the situations that will compel him to act in the performance of his legislatively prescribed duties."
The exercise of prosecutorial discretion was not discussed in 57 Op. Att'y Gen. 198, 20 Op. Att'y Gen. 256 or any other prior opinion mentioning the statute. The statutory language must be examined in order to ascertain the extent to which the Legislature has limited the exercise of prosecutorial discretion. The factors to be considered in examining the statutory language are as follows: *Page 168 
 "`In determining whether a statutory provision is mandatory or directory in character, we have previously said that a number of factors must be examined. These include the objectives sought to be accomplished by the statute, its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation. . . . We have also stated that directory statutes are those having requirements "which are not of the substance of things provided for." . . .'"
Cross, 94 Wis.2d at 340-41 (citations omitted).
57 Op. Att'y Gen. at 199 does indicate that the purpose of section 778.12 is to impose an obligation on a district attorney "to commence and conduct actions for recovery of a forfeiture imposed by a town . . . ordinance when requested by the town chairman[.]" But the use of the word "shall" is not conclusive in circumstances where no penalty for non-compliance has been prescribed by the Legislature. Warner v. Department of Transp.,102 Wis.2d 232, 234-35, 306 N.W.2d 266 (Ct.App. 1981); Cross v.Soderbeck, 94 Wis.2d 331, 340-41, 288 N.W.2d 779 (1980). The language of section 778.12 also explicitly limits the exercise of prosecutorial discretion in two respects. First, it removes a district attorney's discretion to refuse to prosecute forfeiture actions solely on the basis that the request to prosecute has been made by a town and that the forfeiture proceeds would accrue to a town. Compare 64 Op. Att'y Gen. 157, 160-61 (1975). Second, the phrase "shall forthwith cause an action to be commenced" imports a requirement of promptness. It does not mean immediately, but rather "at the earliest opportunity." See Statev. Garton, 2 Kan. App. 2d 709, 586 P.2d 1386, 1388 (1978). Thus, a potential defendant could not obtain dismissal solely on the grounds that the action was not commenced immediately, compareKarow v. Milwaukee County Civil Serv. Comm., 82 Wis.2d 565,263 N.W.2d 214 (1978), but it is conceivable that a town chairman might be able to seek mandamus if the delay in commencing the action were so long *Page 169 
as to be prejudicial to the town. Garton, 586 P.2d at 1388. However, in any case where the district attorney could demonstrate the existence of substantial legal questions concerning the validity of a town's forfeiture ordinance, it would be extremely difficult for the town chairman to establish prejudice. See Karow, 82 Wis.2d at 572 n. 7, quoting State exrel. Cothren v. Lean, 9 Wis. 254 [*279], 266 [*292] (1859); Statev. Industrial Comm., 233 Wis. 461, 466, 289 N.W. 769 (1940).
On balance, with the two exceptions noted, I conclude that a district attorney retains limited discretion as to whether and how to prosecute a forfeiture action at the request of a town chairman, but that such discretion must be exercised reasonably and in a manner consistent with the purpose of the statute so as not to result in a "wholesale refusal to comply with a statutory duty." See 64 Op. Att'y Gen. at 159.
You also request my opinion concerning the validity and application to preexisting Amish burial grounds of a town ordinance regulating cemeteries.
In an opinion to Acting Milwaukee County Corporation Counsel George E. Rice, I recently said:
 In 76 Op. Att'y Gen. 60, 64 (1987), I declined to decide whether a town's ordinance violated state law because "such a judgment would require a factual analysis as to how the town's ordinance operates in actual practice." More recently, I indicated that "[t]he attorney general has no authority to decide questions of fact, nor can his judgment be substituted for the discretion vested in another state officer. 40 Op. Att'y Gen. 3, 4 (1951)." 77 Op. Att'y Gen. 36, 40 (1988). See also 68 Op. Att'y Gen. 416, 421 (1979). Although the meaning of a county ordinance presents a question of law rather than a question of fact, the facts and documents necessary to ascertain the meaning of any municipal ordinance are or should be readily available to that municipality's attorney. And, as a public officer, it is the *Page 170 
 function of the municipal attorney to provide legal advice concerning the meaning of the ordinances enacted by that municipality.
 For the policy reasons expressed in 77 OP. Att'y Gen. at 40 and in 76 OP. Att'y Gen. at 64, I decline to offer any opinion concerning the meaning or intent of the quoted ordinances. I am also taking this opportunity to advise state and local officials that, except in extraordinary circumstances, the attorney general will not issue opinions concerning the meaning or intent of municipal ordinances.
77 OP. Att'y Gen. 120, 123 (1988) (emphasis supplied; footnote omitted).
I have followed the policy considerations articulated in 77 OP. Att'y Gen. 120 even in connection with opinion requests from the Legislature. See OAG 58-88 (October 12, 1988) (unpublished). I see no reason to depart from them merely because a town is unwilling to establish a municipal court. However, in light of my answer to your previous question, I perceive no abuse of prosecutorial discretion in this instance in requesting a detailed legal opinion from reputable counsel retained by the town before commencing the prosecution of any action for a forfeiture under the town's ordinance.
DJH:FTC *Page 171