DARWIN L. ZWIEG, District Attorney Clark County
You ask a number of questions concerning the role of a district attorney in collecting wage claims which are referred by the Department of Industry, Labor and Human Relations under section109.09, Stats. Section 109.09 (1) provides in pertinent part:
 The department shall investigate and attempt equitably to adjust controversies between employers and employes as to alleged wage claims. . . . In pursuance of this duty, it may take an assignment in trust for the assigning employe of any wage claim it deems to be valid . . ., such assignment to run to the department. The department may sue the employer on any wage claim . . . so assigned . . . . The department may refer such an action to the district attorney of the county in which the violation occurs for prosecution and collection and the district attorney shall commence an action in the circuit court having appropriate jurisdiction . . . . In such cases the taxable costs recovered shall be paid into the general fund.
Your first question is whether the district attorney has any discretion in disposing of a wage claim referred by the department when the statute provides that the district attorney "shall commence an action." In my opinion, the district attorney may exercise discretion whether to prosecute and collect a *Page 172 
particular wage claim, but this discretion does not grant authority to act arbitrarily. 64 Op. Att'y Gen. 157, 159 (1975).
The general rule is that when the word "shall" is used in a statute, it is presumed to be mandatory unless a different construction is necessary to carry out the clear intent of the Legislature. Rubi v. Paige, 139 Wis.2d 300, 310, 407 N.W.2d 323
(Ct.App. 1987). This is particularly true where, as in section109.09 (1), the words "shall" and "may" are used in the same section of the statute. Id. One can infer that the Legislature was aware of the different denotations and intended the words to have their precise meanings. Id.
On the other hand, a district attorney is a constitutional officer and is endowed with great prosecutorial discretion. Stateex rel. Kurkierewicz v. Cannon, 42 Wis.2d 368, 378-80,166 N.W.2d 255 (1969). Such discretion, however, is limited by the general rule that where the Legislature has directed the performance of particular duties, the district attorney is obligated to comply with the legislative mandate. Id. at 379-80;State v. Coubal, 248 Wis. 247, 255-59, 21 N.W.2d 381 (1946). Thus, on balance, I conclude that the district attorney retains limited discretion whether to prosecute and collect a particular wage claim, but such discretion must be exercised reasonably and cannot result in a "wholesale refusal to comply with a statutory duty." 64 Op. Att'y Gen. at 159.
Your second question is whether the district attorney is required to go to trial in order to obtain a judgment and whether, once having obtained a judgment, the district attorney must attempt to execute on the judgment, become involved in supplementary examinations to determine assets or income and garnishee the employer's wages. In my opinion, such actions all are properly part of the duty imposed on district attorneys under section 109.09 (1) to prosecute and collect wage claims. Nonetheless, the district attorney does have discretion to determine whether any particular action is justified with respect to a particular wage claim, and the statute requires no more than *Page 173 
a reasonable, good-faith effort to prosecute and collect wage claims.
Your third question is whether the district attorney may reach a settlement for less than the full amount of the wage claim, including the increased liability set forth in section 109.11 (2) for delayed payment of wages, where the wage claimant wishes to pursue the wage claim to trial (regardless of the merits of the case); and, if so, whether the department must be consulted. The answer to this question requires recognition that under section109.09 (1), when the department takes an assignment of a wage claim in trust for the assigning employe, it is the department which may sue the employer on the wage claim and it is the department that the district attorney represents in prosecuting and collecting the wage claim. As trustee, the department must act in the best interest of the assigning employe, and such interest may well include compromise of the wage claim. Cf. 66 Op. Att'y Gen. 28, 30 (1977). Thus, it is my opinion that the district attorney may reach a settlement for less than the full amount of the wage claim, subject to the overall direction and supervision of the department. Cf. secs. 101.02 (5)(f) and165.08, Stats. If the wage claimant insists on pursuing the claim to trial, regardless of the merits of the case and contrary to the professional judgment of the district attorney, the claimant is free to revoke the assignment of the wage claim and proceed without the department's assistance.
Your fourth question is whether the claimant may be required to pay sheriff's fees for service of process in the action to collect the claimant's wages. You note that the department now advises claimants that they may be required to pay filing fees. The answer to this question requires recognition that under section 109.09 (1) any taxable costs recovered in an action to collect wages must be paid into the general fund. Based in part on this statutory provision, at least as between the district attorney and the department, the expense of prosecuting and collecting a wage claim rests with the department. 22 Op. Att'y Gen. 591, 592 *Page 174 
(1933). As between the wage claimant and the department, it may be within the department's authority to require a wage claimant to advance the expenses involved in prosecuting and collecting the wage claims, section 101.02 (1), perhaps on the theory that free public legal services are being provided to the claimant, but this may be inequitable since any taxable costs recovered go to the general fund rather than to the claimant. In any event, it is my opinion that the district attorney may require the department to pay the expenses of litigation and, if so required, the department may (preferably by a rule or regulation) require the claimant to advance such payments to the department.
Your fifth question is whether the department's lien on the employer's property under section 109.09 (2), for the full amount of the wage claim, must be filed and, if so, where and in what manner must the lien be filed. The answer to this question requires analysis of the language in section 109.09 (2) that the department's lien "may be enforced in the manner provided in SS.409.501 to 409.507 and 779.09 to 779.12, insofar as such provisions are applicable." Sections 409.501 to 409.507 concern the procedure for collecting on a security agreement when the debtor is in default. Sections 779.09 to 779.12 concern the procedure for foreclosure of liens. None of these sections provides any guidance as to whether and in what manner a lien under section 109.09 (2) must be filed.
Perhaps of greater significance is the fact that section 109.09
(2) does not incorporate the filing provisions of sections409.401 to 409.410 or sections 779.06 to 779.07. In addition, I note that 1979 Senate Bill 137, which would have required the department's lien to be filed with the clerk of circuit court and with the secretary of state, failed to pass. Thus, although it is not free from doubt, in my opinion the department's lien under section 109.09 (2) does not need to be filed.
Your sixth question is whether the department's lien under section 109.09 (2) may be enforced regardless of whether a judgment has been obtained under section 109.09 (1). In my *Page 175 
opinion, since there presently is no provision for filing of the department's lien, the lien may not be enforced until it is included in a judgment obtained under section 109.09 (1) and the judgment is docketed. Cf United States v. Vermont, 377 U.S. 351
(1964).
Your seventh question is whether the district attorney is required to commence a proceeding to foreclose a lien obtained via judgment. In my opinion, commencing proceedings to foreclose the lien is part of the duty imposed on district attorneys under section 109.09 to prosecute and collect wages. In the exercise of your prosecutorial discretion, you may choose not to foreclose if you believe that doing so will not further the goal of collecting wages.
Your eighth and final question is whether section 109.09 (2) is constitutional insofar as it purports to "take precedence over all other debts, judgments, decrees, liens or mortgages against the employer." There are no binding Wisconsin appellate court decisions which interpret section 109.0g(2). All laws are, however, presumed to be constitutional; and one attacking a statute must, to overcome this presumption, prove the statute unconstitutional beyond a reasonable doubt. State ex rel. Cannonv. Moran, 111 Wis.2d 544, 552-53, 331 N.W.2d 369 (1983).
Federal district courts have in two instances construed section109.09 (2) in the context of federal bankruptcy laws. Such courts, however, avoided ruling on the constitutionality of the statute and simply held that the legislative history indicates that the section was not intended to apply to insolvent employers. Matter of Napco Graphic Arts, Inc., 51 Bankr. 757, 762
(Bkrptcy. E.D. Wis. 1985), aff'd in part and rev'd in part,83 Bankr. 558, 564 (E.D. Wis. 1988), Matter of Kubly, 65 Bankr. 845,848-49 (W.D. Wis. 1986), rev'd on other grounds, 818 F.2d 643
(7th Cir. 1987).
One Wisconsin circuit court decision has interpreted 109.09
(2). In Farmers and Merchants Bank v. Terminal Electric Co., No. 80-CV-1801, slip op. (Waukesha Cir. Ct., Oct. 23, 1981), the court determined that a section 109.09 (2) wage lien did not *Page 176 
take precedence over a security interest which was perfected before the last date on which services were performed and for which wages were due and owing. Cf Matter of Kubly, 65 Bankr. at 847-48. In addition, the court determined that section 109.09 (2) was unconstitutional insofar as the statute purports to give precedence to the department's lien over any security interest which is perfected before the department's lien is perfected.
Although circuit court decisions may be considered for their reasoning, they have no binding precedential effect and are not citable as authority. Servomation Corp. v. Department of Revenue,106 Wis.2d 616, 620 n. 3, 317 N.W.2d 464 (1982). Consequently, the circuit court's decision in Farmers and Merchants Bank
concerning the constitutionality of section 109.09 (2) is not dispositive of the issue. Moreover, in my view, the court failed to balance adequately the factors identified in State ex rel.Cannon, 111 Wis.2d at 560, for determining whether a state has properly exercised its police power where a private contract is impaired.
Nonetheless, I respectfully decline to express my opinion concerning the constitutionality of section 109.09 (2). Normally, opinions on constitutional questions will be furnished only to the Governor or to either branch of the Legislature. 62 Op. Att'y Gen. Preface (1973). In addition, given the required balancing test, it is my view that the constitutionality of section 109.09
(2) should be determined by a court, based upon a specific fact situation, rather than by my opinion, based upon assumed facts.
DJH:DCR *Page 177